229 So.2d 244 (1969)
Anthony B. BORRAS, Appellant,
v.
STATE of Florida, Appellee.
No. 38426.
Supreme Court of Florida.
December 3, 1969.
*245 John D. Buchanan, Jr., Asst. Public Defender, and Joseph S. Oteri, of Crane, Inker & Oteri, Boston, Mass., for appellant.
Earl Faircloth, Atty. Gen., and Michael J. Minerva, Asst. Atty. Gen., for appellee.
BOYD, Justice.
This cause is before us on appeal from the Circuit Court of Leon County, wherein appellant was tried and convicted of possession of narcotics and sentenced to eight (8) months at hard labor. The trial court, in denying appellant's motion to dismiss the information, upheld the validity of Chapter 398, Florida Statutes, F.S.A., the Narcotic Drug Act giving this Court jurisdiction under Section 4 of Article V, Florida Constitution, F.S.A.
Appellant raises the following points on appeal:
"Point I  The scope of appellant's attack on the statute, Chapter 398, F.S., is broader than a mere attack on the sections of the statute under which this appellant is particularly charged.
"Point II  This court must make a threshold factual finding with respect to marijuana independent of the fact-findings of the trial judge.
"Point III  The Narcotic Drugs Laws of Florida is irrational and unreasonable, and as such violates provisions of the Florida Constitution and of the United States Constitution, in that the law, as applied to marijuana, creates more problems than it may possibly solve.
"Point IV  The Narcotic Drugs Law, as applied to marijuana, goes beyond the police power of the state in that it is not and cannot be aimed at achieving any valid legislative end, namely protection of the health, safety, welfare and morals, and any possible dangers could be eliminated through less restrictive legislation which would not interfere with a whole range of private activity and personal rights.
"Point V  The Narcotic Drugs Law is unconstitutional in that it violates the equal protection guaranties of the Constitutions of Florida and of the United States.
Point VI  The penalties provided for offenses under the Narcotic Drugs Law, as applied to marijuana, constitute cruel and excessive punishment, in violation of defendant's rights under the United States Constitution and the Florida Constitution.
"Point VII  The state may not constitutionally interfere with the possession and/or use of marijuana by an individual in the privacy of his own home.
"Point VIII  The Court erred in not granting appellant's motion to suppress the evidence when the affidavit used for the search warrant failed to show probable cause."
The first six of the points set out above were considered and found without merit in Raines v. State.[1] In Raines, we affirmed a conviction for sale of marijuana and upheld the Narcotic Drug Act. A similar result was reached in a recent Massachusetts case.[2] The instant case involves a conviction for possession of narcotics and two additional *246 questions for determination. Points VII and VIII, supra.
Appellant contends that the State may not interfere with the possession and use of marijuana by an individual in the privacy of his own home. The decision of the United States Supreme Court in Stanley v. Georgia[3] is cited in support of this contention. In Stanley a Georgia statute prohibiting the possession of obscene material was held unconstitutional insofar as it punished mere private possession of obscene matter. The United States Supreme Court stated, however:[4]
"What we have said in no way infringes upon the power of the State or Federal Government to make possession of other items, such as narcotics, firearms, or stolen goods, a crime. Our holding in the present case turns upon the Georgia statute's infringement of fundamental liberties protected by the First and Fourteenth Amendments. No First Amendment rights are involved in most statutes making mere possession criminal."
Reprehensible as the possession of obscene material may be, the possession and use of marijuana poses a much greater potential threat to society.
Appellant states that the primary purpose of smoking marijuana is the "psychological reaction" it produces in the user and that by smoking marijuana he was "merely asserting the right to satisfy his intellectual and emotional needs in the privacy of his own home." This Court is aware that commission of other types of crime, particularly violent crimes, has an emotional effect on the perpetrator. This, however, does not give a constitutional right to commit the crime.
Marijuana does not enjoy the protection of the First Amendment. Its use does not constitute "private consumption of ideas or information." Neither are Fourteenth Amendment rights abridged nor the right of privacy violated. Marijuana is a harmful, mind-altering drug. An individual might restrict his possession of marijuana to the privacy of his home, but the effects of the drug are not so restricted. The interest of the state in preventing harm to the individual and to the public at large amply justifies the outlawing of marijuana, in private and elsewhere.
Recently, in State v. Eitel,[5] we upheld the statute requiring motorcyclists to wear protective helmets and goggles recognizing that "it is to the interest of the state to have strong, robust, healthy citizens, capable of self-support, of bearing arms, and of adding to the resources of the country." Since marijuana, in addition to harming the individual, is a threat to society as a whole, we have no difficulty in upholding its prohibition by the state.
Appellant also contends that the evidence seized as a result of the search of his apartment should have been suppressed because the affidavit upon which the warrant was issued was defective. The defect alleged is the failure to state the date or dates when marijuana was sold to the confidential informer and possessed by appellant. The affidavit in question uses the present tense alleging a violation which was continuing right up to the time the warrant issued. Under the circumstances the failure to specify a date does not render the affidavit defective.
Accordingly, the judgment below is affirmed.
It is so ordered.
ERVIN, C.J., and DREW, CARLTON and ADKINS, JJ., concur.
NOTES
[1] 225 So.2d 330 (Fla. 1969).
[2] Commonwealth v. Leis, 243 N.E.2d 898 (Mass. 1969).
[3] 394 U.S. 557, 89 S.Ct. 1243, 22 L.Ed.2d 542 (1969).
[4] Id. at 568, 89 S.Ct. 1249, 1250, footnote 11.
[5] 227 So.2d 489, Fla., Opinion Filed October 15, 1969.