LILES, Acting Chief Judge.
Pursuant to Florida Appellate Rule 3.10, subd. e, 32 F.S.A., we have dispensed with the necessity for oral argument and will consider the matter on the briefs submitted by the respective parties.
Appellee was charged with a violation of the narcotics law upon a seizure made under a search warrant issued by the Justice of the Peace. She filed a motion to suppress the evidence seized and the trial judge entered its order granting defendant’s motion to suppress. The State takes this appeal.
We have examined the affidavit for the search warrant together with the search warrant and find only one defect, but that defect brings us to an affirmance of the trial judge’s order granting the motion to suppress. The trial judge said in his order:
“The Court further finds that the Affidavit and Warrant fail to show any facts or circumstances sufficient to show when the alleged informant learned of the alleged illegal activities at the premises . so that from the Affidavit and Warrant the Court is wholly unable to determine when said alleged illegal activities were observed at the premises.” (Emphasis added.)
The affidavit and warrant should have contained specific time or times when the informant allegedly obtained narcotics from appellee’s premises.
For the foregoing reasons we affirm.
HOBSON and McNULTY, JJ., concur.