McCORD, Judge.
Appellant was convicted of violating § 893.13(3) (a) (4), Florida Statutes, which provides as follows:
“To possess, have under his control, or deliver any device, contrivance, instru *361 ment, or paraphernalia with the intent that said device, contrivance, instrument, or paraphernalia be used for unlawfully-administering any controlled substance.”
He was acquitted on the three remaining counts — (1) delivery of marijuana to a person under the age of 18 years, (2) possession of more than five grams of marijuana, and (3) sale of marijuana. § 893.-13(3) (b), Florida Statutes, provides as follows :
“Any person who violates the provisions of paragraph (a) shall be guilty of a felony of the third degree, punishable as provided in § 775.082, § 775.083 or § 775.084, except that when the controlled substance is one that the penalty for possession of which is a misdemeanor, then the penalty under paragraph (a) shall be a misdemeanor of the first degree punishable as provided in § 775.082 or § 775.083.”
Appellant contends that his conviction under Count IV must fall since he was acquitted of the first three counts; that having been acquitted of the first three counts, there is no evidence of intent in connection with the fourth count. We disagree. The device (a roachclip taken from the pocket of appellant’s jacket) had marijuana residue on it. Such evidence was sufficient for the jury to infer appellant’s intent to use the device for smoking marijuana.
Appellant also argues that since there was no conviction for possession of marijuana, there was no basis for the trial court to determine under subsection (3) (b) above whether the conviction was a felony or a misdemeanor. While we disagree with appellant’s conclusion, we find that the trial court erred in considering the offense a felony rather than a misdemeanor. As stated above, the marijuana device which appellant was convicted of possessing had marijuana residue on it. Since this was the only evidence of marijuana which pertained to the device and it would amount to less than five grams of marijuana (possession of which would constitute a misdemeanor), the offense of which appellant was found guilty was a misdemeanor of the first degree rather than a felony under subsection (3) (b) above.
We have considered appellant’s remaining contentions and find them without merit.
The cause is remanded to the trial court with directions to vacate the judgment and sentence and enter a new judgment and sentence for the misdemeanor of the first degree.
BOYER, C. J., and RAWLS, J., concur.