### STATE v. GILBERT.
No. 75-8916.

Circuit Court, Dade County.

April 30, 1976.

Richard E. Gerstein, State Attorney, William Richey, Assistant State Attorney, for the state.

Lawrence Berrin and Mark King Leban, both of Miami, for the defendant.

N. JOSEPH DURANT, Jr., Circuit Judge.

This cause came on to be heard upon the defendant's motion to dismiss the information. This court has heard the testimony of several expert witnesses in support of the motion, and the court has read the numerous exhibits filed by the defendant, and the memorandum of law in support of the motion.

The question before the court is whether §893.13, Florida Statutes, is an unconstitutional violation of one's right of privacy in that it prohibits the possession and use of marijuana by an individual in the privacy of his own home. This same question was decided adversely to the defendant in this case by the Supreme Court of Florida in *Borras v. State*, 229 So.2d 244 (Fla. 1969). In that case the court said at page 246 —

> Appellant states that the primary purpose of smoking marijuana is the "psychological reaction" it produces in the user and that by smoking marijuana he was "merely asserting the right to satisfy his intellectual and emotional needs in the privacy of his own home." This Court is aware that commission of other types of crime, particularly violent crimes, has an emotional effect on the perpetrator. This, however, does not give a constitutional right to commit the crime.

> Marijuana does not enjoy the protection of the First Amendment. Its use does not constitute "private consumption of ideas or information." Neither are Fourteenth Amendment rights abridged nor the right of privacy violated. Marijuana is a harmful, mind-altering drug. An individual might restrict his possession of marijuana to the privacy of his home, but the effects of the drug are not so restricted. The interest of the state in preventing harm to the individual and to the public at large amply justifies the outlawing of marijuana in private and elsewhere.

Based on the foregoing, this court must be governed by the doctrine of stare decisis which rests upon the principle that the law by which men are governed should be fixed, definite and known, and that, when the law is declared by a court of competent jurisdiction authorized to construe it, such declaration is itself evidence of the law until changed by a court of higher jurisdiction. Based on this doctrine, and upon my great respect for the Supreme Court of Florida, I must, with reluctance, deny the motion to dismiss and uphold the constitutionality of §893.13, Florida Statutes.

Before concluding this order, the court is constrained to make certain observations. As above-stated, I have read the numerous and enlightening exhibits filed by defense counsel and have studied with great care the lengthy and comprehensive 1972 Report of the National Commission on Marijuana and Drug Abuse. These exhibits lead one to the inescapable conclusion that marijuana's

relative potential for harm does not justify a social policy designed to seek out and punish those who use it. Marijuana is not as harm- as alcohol, and, therefore, it should not be placed under any more stringent legal controls than those applicable to alcohol.

All told, the evidence clearly indicates that marijuana does not represent any serious threat to the well-being of American society.

The present law prohibiting the use of marijuana does greater harm to the youth of our nation than marijuana could ever do. Should the occasional user of marijuana be dragged through the courts, disgraced, thrown in jail? It is apodictic that this should not be. Raymond Price, in an editorial published in the Washing- ton Star on February 22, 1975, analyzed this problem very well when he wrote in part as follows —

> The proper use of the criminal law is to protect one citizen from abuse by another, not to let one citizen tyrannize over another. Our present marijuana laws are tyranny, not protection. Scores of thou- sands of young lives are severely scarred, for nothing. Millions of young Americans are placed outside the law, branded as criminals, taught to fear rather than respect the law — and for what? For choosing the risk, to themselves alone, of whatever limited damage marijuana use might entail . . . Those laws [prohibiting marijuana] don't work. The ones they hurt most are those they're meant to help, and they have no place in a society that prides itself on devotion to individual freedom and to the civilizing leaven of mutual tolerance and mutual respect.

I would, therefore, urge the Supreme Court of Florida, in the light of the studies that have been made in the past several years and which are a part of the record before this court, to reconsider its prior position and to recede from its holding in the *Borras* case, supra.

The ultimate solution, of course, rests with the legislature. I strongly recommend that august body enact legislation to decrim- inalize, if not legalize, the possession and use of marijuana within the confines of one's home.

I would like to commend defense counsel Lawrence Berrin for the outstanding brief he prepared in support of his motion to dis- miss. He has convinced this court that his position is sound. Perhaps he can so convince the Supreme Court of Florida. "Tis a consum- mation devoutly to be wished."

It is, therefore, considered, ordered and adjudged that — (1) §893.13, Florida Statutes, which prohibits the possession of mari- juana in one's home, is constitutional; and (2) The defendant's motion to dismiss the information is denied.