PER CURIAM.
The order suppressing the evidence which the State seeks to review was based upon the trial court’s consideration of a search warrant predicated upon personal observations of the affiant and a confidential informant in a “controlled buy” circumstance. Under the recent decision of the Florida Supreme Court in State v. Gieseke, 328 So.2d 16 (Fla.1976),[1] which was not available to the trial court at the time of the entry of the order under review, we are of the opinion that the affidavit in question contained sufficient allegations to establish probable cause for the search in question. Accordingly, the order of suppression entered on January 16, 1976 in Case Nos. 75-1870 CF and 75-1877 CF is vacated and set aside and the cause remanded for further proceedings consistent herewith.
REVERSED and REMANDED.
MAGER, C. J., and CROSS and DOW-NEY, JJ., concur.

. Implicit in this decision is the proposition that the affiant is not required to allege a continued existence of contraband on the premises but, rather, that a controlled buy is a sufficient factual premise from which it can be concluded that additional contraband remained on the premises. The decision in Gerardi v. State, 307 So.2d 853 (Fla.App. 4th 1975) is factually distinguishable and hence inapplicable.