DOWNEY, Judge.
Appellants Grady Lee Merit and Dorothy Battle Merit were charged in two counts with possession of cannabis in excess of 5 grams and with possession of drug paraphernalia. Grady was convicted on both counts, but Dorothy was convicted of possession of drug paraphernalia only.
The first point on appeal contends the trial court erred in denying the Merits’ Motion to Suppress. That motion asserted, in sum, that the affidavit upon which a search warrant was issued was defective. In that affidavit a police officer stated that he had supervised and personally observed a successful controlled purchase by a reliable confidential informant of one lid of cannabis at the dwelling occupied by the Merits. The affiant also stated he believed that additional cannabis was contained on the premises, but he stated no facts to support that belief. Appellants assert that, by failing to state when the controlled buy was made so that a detached magistrate could determine that the sale was sufficiently close in point of time to justify the inference that there was contraband presently on the premises, the affidavit failed to demonstrate probable cause to support the issuance of a search warrant.
In order to infer that criminal activity is taking place on certain premises as a result of past criminal activity, it is generally necessary to show that the past criminal activity was recent. As the court pointed out in Hamelmann v. State, 113 So.2d 394 (Fla. 1st DCA 1959):
“It has been generally held, either expressly or by necessary implication, that while there is no strict rule as to the permissible number of days which may elapse between the date of the observed offense and the making of the affidavit upon which the search warrant is based, the nearer the time is at which the observation was made to the time when the affidavit is or was executed, the more probable it is that a conclusion of probable cause may be justified. The number of days which have elapsed between the observation of the alleged offense and the day on which the affidavit is executed is always the main factor, though not the only factor, in determining whether or not sufficient probable cause is shown to support the validity of a search warrant. A review of the decisions from other jurisdictions reveals that an interval of not more than 20 days has never been held so unreasonable as to vitiate the search warrant, while on the other hand, an interval of more than 30 days has always been held such an unreasonable length of time as to negative a presumption of reasonable cause, and to preclude a finding that such cause exists as a basis for a search warrant. Barring extraordinary circumstances which may be shown to exist in any given case, the pattern has been rather clearly established in courts of this country that if the observation of the alleged offense is not farther remote than 30 days from the making of the affidavit and issuance of the warrant, and finding that there exists probable cause will not be disturbed. The contrary appears where the elapsed time is more than 30 days from the date of the observation to the date on which the affidavit is executed and the warrant issued.”
*995 Rodriguez v. State, 284 So.2d 1 (Fla. 2d DCA 1973), may perhaps be categorized as a ease involving the “extraordinary circumstances” referred to in Hamelmann, supra.
For aught the affidavit in question shows, the controlled buy could have taken place six months or a year prior to the date of the affidavit. Were that the case, certainly no probable cause would be shown to justify the inference of present criminal activity on the premises. This conclusion does not conflict with the footnote comment in State v. Lewis, 336 So.2d 395 (Fla. 4th DCA 1976), because implicit in that comment is the proposition that an affidavit for search warrant must state a date for the controlled buy which is not remote in time from the date of the affidavit, since such was the situation in the case of State v. Gieseke, 328 So.2d 16 (Fla.1976), upon which this court based its decision in the Lewis case.
In view of the foregoing we would reverse the judgments in this case based on appellants’ Point I but for the decision of the Supreme Court of Florida in Borras v. State, 229 So.2d 244 (Fla.1969). In that case the defendant attacked the affidavit for search warrant on the ground that the controlled buy described in the affidavit did not show the date of the buy so that the Magistrate could determine its relevance to the date of the application for the search warrant. This contention was rejected in the Borras opinion as follows:
“Appellant also contends that the evidence seized as a result of the search of his apartment should have been suppressed because the affidavit upon which the warrant was issued was defective. The defect alleged is the failure to state the date or dates when marijuana was sold to the confidential informer and possessed by appellant. The affidavit in question uses the present tense alleging a violation which was continuing right up to the time the warrant issued. Under the circumstances the failure to specify a date does not render the affidavit defective.” 229 So.2d 246.
A comparison of the affidavit referred to in Borras with the one under consideration in this case demonstrates they are very similar. They each describe an undated controlled buy and they each make the bald, unsupported statement that, based upon the undated controlled buy, the affiant believes there are controlled substances on the premises. We would not have thought either affidavit sufficient to show probable cause to issue the warrant. However, since the Supreme Court has said the affidavit in Borras is sufficient we are bound to hold the affidavit in this case also sufficient.
One further contention requires consideration. Appellant Dorothy Battle Merit was found not guilty of Count I, possession of cannabis, but guilty of Count II, possession of controlled substance paraphernalia. The trial court adjudicated Dorothy guilty of “possession of controlled substance paraphernalia, to wit: pipes” and placed her on probation for a period of “Three (3)”, obviously meaning three years. Under the circumstances of this case, the maximum penalty allowable under Section 893.13(3)(b), Florida Statutes 1975, was that for a misdemeanor of the first degree, as provided in Section 775.082 or Section 775.083, Florida Statutes 1975. See Turner v. State, 329 So.2d 360 (Fla. 1st DCA 1976). On remand the trial court should amend the period of probation of appellant Dorothy Battle Merit to accord with the holding in Watts v. State, 328 So.2d 223 (Fla. 2d DCA 1976).
AFFIRMED IN PART and REVERSED IN PART, and REMANDED WITH DIRECTIONS.
MAGER, C. J., and DAUKSCH, J., concur.