OTT, Judge.
The State appeals the granting of Appel-lee’s Motion to Suppress Evidence by the trial court. We reverse.
The affidavit for the search warrant stated that a confidential informant had purchased drugs from the Appellee “within the last five days.” The trial court found this not to be sufficiently specific as required by our decision in State v. Mills, 267 So.2d 44 (Fla. 2d DCA 1972). In that case no allegation was included in the affidavit to fix the date when the alleged illegal activity occurred. In this case the illegal activity is narrowed to the five day period immediately preceding the application.
Though this is a novel issue in this jurisdiction, courts of other jurisdictions have taken the view that when “within” language is used with a specified span of time, e. g., “within the last three days,” a sufficiently clear and definite statement has been made provided the period encompassed is not too remote in time for a search warrant to issue. Annot. 100 A.L.R.2d 525 (1965). Five days has not been held to be too remote by the courts of this state. Hamelmann v. State, 113 So.2d 394 (Fla. 1st DCA 1959).
In the case under consideration the time of the alleged illegal activity is narrowed to a five day period. This coupled with the other facts alleged in the affidavit demonstrate to us that there was probable cause to issue the search warrant. Therefore, it was error to grant Appellee's Motion to Suppress Evidence.
GRIMES, Acting C. J., and SCHEB, J., concur.