382 So.2d 860 (1980)
Deborah ORR, Appellant,
v.
STATE of Florida, Appellee.
No. OO-245.
District Court of Appeal of Florida, First District.
April 23, 1980.
F. Lloyd Blue, Jr. and J. LaDon Dewrell, Ft. Walton Beach, for appellant.
Jim Smith, Atty. Gen., Charles A. Stampelos and Carolyn M. Snurkowski, Asst. Attys. Gen., for appellee.
PER CURIAM.
Appellant was convicted of possession of more than five grams of marijuana and this appeal is taken from the judgment entered *861 on the jury verdict and the resulting sentence. Appellant contends the trial court erred in denying her motion to suppress the marijuana seized pursuant to a search warrant. We agree and reverse.
The application for a search warrant was supported by an officer's affidavit, supplemented by the officer's testimony before the magistrate which was recounted by the officer at the suppression hearing. The trial court refused to suppress the marijuana, ruling that the affidavit and the additional testimony of the affiant constituted probable cause for the issuance of the search warrant. Appellant urges, however, that the affidavit on its face must establish probable cause for the issuance of the search warrant and that the present affidavit does not do so.
We hold that the trial court erred when it considered the officer's testimony outside the affidavit in order to determine the validity of the search warrant. An affidavit forming the basis of a search warrant must, in and of itself, demonstrate probable cause for the issuance of the warrant and cannot be supplemented by oral testimony to prove the probable cause. Article I, Section 12, Florida Constitution; Swartz v. State, 316 So.2d 618 (Fla. 1st DCA 1975), cert. den., 333 So.2d 465 (Fla. 1976).
Turning to the issue of whether the affidavit is sufficient to establish probable cause for the search warrant, we find that it is not sufficient. The affidavit states:
Heretofore, within the past ten days a confidential informant, who has proven reliable in the past, said informant having led to the arrest of persons for drug violations, further it is known by your affiant that said confidential informant has knowledge of the appearance, texture and odor of marijuana, advised your affiant that a quantity of marijuana was inside the above described premises and that said marijuana was observed by said confidential informant. Therefore, your affiant has probable cause to believe that marijuana is now being kept in the above described premises. (Emphasis added.)
The affidavit states only that the affiant received information from the confidential informant within the past ten days that marijuana was observed inside appellant's house. There is no indication as to when the informant actually observed the marijuana. The affidavit should have contained the specific time or times when the informant observed the marijuana. State v. Mills, 267 So.2d 44 (Fla. 2d DCA 1972). Consequently, the trial court erred in denying appellant's motion to suppress the evidence seized pursuant to the invalid search warrant. The judgment and sentence are
REVERSED.
ROBERT P. SMITH, Jr., BOOTH and SHAW, JJ., concur.