MILLS, Chief Judge.
The State appeals from an order granting a motion to suppress, urging that the trial judge erred in applying this court’s ruling in Orr v. State, 382 So.2d 860 (Fla. 1st DCA 1980). We agree and reverse.
The issue below, as framed by the motion to suppress, was whether the affidavit for the search warrant was sufficient to establish probable cause “as the affidavit fails to set forth specific time or times when the undercover agent observed or purchased cocaine or methaqualone.”
*239 The affidavit for a search warrant asserted, in relevant part, “heretofore and within the past ten days a quantity of controlled substances, to wit: cocaine and methaqua-lone (quaaludes) were purchased, under controlled conditions, from within the above described premises by an undercover agent of the Okaloosa County Sheriffs Department.” The affidavit went on to describe the procedure in making the controlled buy to the effect that the undercover agent and his vehicle were searched and the agent was given money with which to purchase drugs just before the agent went to the described dwelling. After the agent came out, he gave the affiant substances which were field tested and shown to be cocaine and methaqualone. No other drugs were found on the agent. The affidavit then stated, “therefore, your affiant has reason to believe and does believe that controlled substances, as defined by Fla.Stat. 893, to wit: cocaine and methaqualone (quaaludes) are now being kept and distributed within the above described premises in violation of Fla. Stat. 893.”
Reliance on Orr to support a contention that the affidavit was insufficient is misplaced. The factual situation in Orr was that the affidavit stated, “heretofore, within the past ten days a confidential informant, ... advised your affiant that a quantity of marijuana was inside the above described premises and that said marijuana was observed by said confidential informant.” [Emphasis in original] The only thing comparable between Orr and this case is the magic use of the term ten days. Otherwise, it is inapplicable. The problem there was that the wording of the affidavit was that the conversation with the confidential informant took place within the ten days prior to the issuance of the warrant and, therefore, there was no knowledge as to when drugs were observed on the premises. In the instant case, the sale itself took place within ten days of the warrant, not just the conversation with the informant. Under these facts, we agree with the State’s contention that the affidavit in this case did set forth the time element with sufficient particularity.
A second basis for reversal is that the affidavit used language in the present tense which alleged a continuing violation of Chapter 893, Florida Statutes, up to the time the warrant was issued. In Borras v. State, 229 So.2d 244 (Fla.1969), the Florida Supreme Court held that under those circumstances, the failure to specify the date when the drugs were sold to the confidential informant does not render the affidavit defective.
Finally, we note that appellees contend that this court must affirm the decision of the trial court because of the failure of the State to provide a transcript of the hearing on the motion to suppress, relying on Lynch v. State, 155 So. 99, 114 Fla. 599 (Fla.1934). In Lynch the sole issue on appeal was the sufficiency of the information upon which the conviction was based. In spite of the fact that the Attorney General conceded the insufficiency, the court found itself unable to consider the merits of the argument because no “properly prepared transcript of the record” had been filed; thus, the court was compelled, based upon the law and rules in effect at the time, to dismiss the cause for lack of jurisdiction.
The term “transcript of the record” as used in the previous Rule 3.6, Fla.R.App.P., meant the record on appeal and could include, but was not limited to, a transcript of the testimony. In the instant case, this court is not lacking the record on appeal, but only the transcript of a hearing on a motion. If evidence had been adduced at the hearing which formed the major eviden-tiary support for the trial court’s ruling, we might agree that affirmance was appropriate. Jackson v. Granger Lumber Company, Inc., 275 So.2d 555 (Fla. 1st DCA 1973). However, both Granger and current Rule 9.200(b)(3), Fla.R.App.P., recognize and provide alternatives for situations where transcripts are unavailable. Furthermore, under the current appellate rules, “No proceedings shall be determined because the record is incomplete until an opportunity to supplement the record has been given.” Rule 9.200(f)(2), Fla.R.App.P. We find that *240 a transcript of the suppression hearing is unnecessary for our consideration of this case because the order on appeal indicates on its face that the trial court considered only the motion (which incorporated the affidavit in haec verba), the arguments of counsel, and Orr v. State, supra. No evidence was presented. For these reasons we reject appellees’ contention that we are prohibited from reaching the merits of the State’s argument.
Accordingly, the trial court’s order granting the motion to suppress is REVERSED and this cause is REMANDED for further proceedings.
WENTWORTH, J., and BEVERLY, VIRGINIA Q., Associate Judge, concur.