410 So.2d 586 (1982)
Noel Francis KING, Appellant,
v.
STATE of Florida, Appellee.
No. 80-2027.
District Court of Appeal of Florida, Second District.
February 26, 1982.
Jerry Hill, Public Defender, and William H. Pasch, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Michael J. Kotler, Asst. Atty. Gen., Tampa, for appellee.
RYDER, Judge.
Noel Francis King asks us to hold that the trial court erred by denying his motion to suppress contraband seized pursuant to a search warrant, alleging the supporting affidavit did not specify when a confidential informant observed an illegal act which formed the basis for issuance of the warrant.
The supporting affidavit to the search warrant issued herein reads in pertinent part:
[Y]our affiant's reason for his belief is that within the last six days he met with a confidential and reliable informant who advised him that inside 118 Lake Avenue, Apt. A, Largo, Pinellas County, Florida, he observed one Diana King rolling handmade cigarettes filled with what he believed to be cannabis (marijuana). The cannabis (marijuana) was obtained from a wooden box approximately four inches deep and ten inches long. At the time of said informant's observation he saw what he believed to be fifteen to twenty marijuana cigarettes on the kitchen table... . (emphasis supplied)
Again we are faced with an effort on the part of law enforcement to protect the *587 identity of informants who provide information utilized in affidavits in support of search warrants. Knowing that the accused will be furnished a copy of the search warrant and its supporting affidavit and being appropriately concerned about protecting their sources' identity, peace officers oft times attempt to be as vague as possible regarding their informant, yet meet the letter of the law in this area. In such attempts, the use of the phrase "within the last six days" or "within the last fifteen days" or similar other periods has come into vogue. The purpose being, hopefully, that the accused will not recall who did what, where and when within the stated period, thus limiting the chance that the informant's identity will be discovered.
The courts of this state have, sometimes, upheld and have on other occasions disapproved the use of the phrase "within the" such and such period. The courts approve its use if the information provides probable cause by indicating the informant made an actual purchase or other exchange or actually observed illegal acts within a certain stated period which is not remote to the date of application for the search warrant. State v. Schwarzbauer, 342 So.2d 1085 (Fla. 2d DCA 1977); State v. Bishop, 395 So.2d 238 (Fla. 1st DCA 1981). However, where affidavits to search warrants indicate merely that the police and the informant met or conferred within a certain given period of time, without noting when the informant observed the illegal act, then the courts have disapproved search warrants generally on the theory that the affidavit fails to provide the issuing magistrate probable cause to believe the crime occurred and is continuing to occur in the premises to be searched at the time of the issuance of the search warrant. State v. Mills, 267 So.2d 44 (Fla. 2d DCA 1972); Orr v. State, 382 So.2d 860 (Fla. 1st DCA 1980).
The state argues the affidavit was sufficient, drawing our attention to Borras v. State, 229 So.2d 244 (Fla. 1969), appeal dismissed, 400 U.S. 808, 91 S.Ct. 70, 27 L.Ed.2d 37 (1970), which held an affidavit sufficient which used the present tense to allege a violation which was continuing right up to the time the search warrant was issued. In support of its position, the state points out that the affidavit, sub judice, also contains a statement by affiant that, "Affiant believes that the laws of the state ... are being violated."
We believe Borras is distinguishable here since the affidavit therein dealt with a controlled buy of contraband and was, as stated, written in the present tense alleging a violation of our laws was continuing. Here, the tense appears to be past. Further, we here are confronted with the question of not when the informant meets the police, but when the informant actually observed the contraband which was the subject of this search. The affidavit gives us no guidance. The affidavit states only that the police officer met and received his information from his informant within the last six days of the date of the affidavit. It is silent regarding the date the illegal activity occurred.
We reembrace our position in Mills, adopt the reasoning in Orr, and hold again that an affidavit supporting a search warrant must contain the specific time or times when the informant observed the illegal activity.[1] Therefore, the trial court having erred in denying appellant's motion to suppress the evidence seized pursuant to the invalid search warrant, the judgment and sentence herein are REVERSED and the cause REMANDED for further proceedings consistent herewith.
SCHEB, A.C.J., and SCHOONOVER, J., concur.
NOTES
[1] Had the affidavit read that the informant observed the contraband or other illegal act within the last six days, ten days or such other time period so that the information was not stale then, as in State v. Schwarzbauer, 342 So.2d 1085 (Fla. 2d DCA 1977), the result would be different. We would have affirmed inasmuch as a sufficiently clear and definite statement had been provided and the period encompassed would not be too remote in time for a search warrant to issue.