484 So.2d 1367 (1986)
James A. RAND, Appellant,
v.
STATE of Florida, Appellee.
No. 85-1076.
District Court of Appeal of Florida, Second District.
March 14, 1986.
Peter D. Ringsmuth of Smith & Ringsmuth, Fort Myers, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and William E. Taylor, Asst. Atty. Gen., Tampa, for appellee.
SANDERLIN, Judge.
Appellant James A. Rand was charged in a one count information with the manufacture or possession of cannabis in excess of twenty grams in violation of sections 893.13(1)(a) and (e), Florida Statutes (1983). Appellant filed a motion to suppress evidence seized pursuant to a search warrant on the basis that the affidavit supporting the warrant failed to allege sufficient probable cause. After a nonevidentiary hearing, the trial judge granted appellant's motion. Later, however, the trial judge advised counsel for appellant and the state that he had changed his mind and retracted his order granting the motion to suppress. An evidentiary hearing was then held, after which the trial judge denied appellant's motion. Appellant pled no contest to the charge, reserving his right to appeal the denial of his motion to suppress evidence. The trial court found appellant guilty as charged and placed him on probation for five years. This timely appeal followed. We agree with appellant that the trial court erred in denying his motion; therefore, we reverse appellant's conviction and remand for further proceedings consistent with this opinion.
The affidavit in support of the warrant issued here reads in pertinent part:
1. That within the last ten days he [the affiant] interviewed two confidential informants who claimed to have observed marijuana growing at a location on Pine Road in Lee County, Florida... . (emphasis supplied)
The affidavit contained no allegation of when the informants observed the marijuana on appellant's premises.
In King v. State, 410 So.2d 586 (Fla. 2d DCA 1982), we held that an affidavit supporting a search warrant must contain the specific time or times when the informant observed the illegal activity. Id. at 587. The affidavit held insufficient in King stated only that the officer met and received his information from the informant within the last six days of the date of the affidavit. *1368 There was no allegation regarding the date the illegal activity occurred.
There is no meaningful distinction between the affidavit in question here and the one held insufficient in King. Accordingly, we hold that the affidavit in support of the search warrant issued in the present case was insufficient for failing to allege the specific time or times when the marijuana was observed on appellant's premises.
The state urges that even if we find the affidavit insufficient, we should nevertheless affirm the trial court's order on the basis of the so-called "good-faith" exception to the exclusionary rule enunciated in U.S. v. Leon, ___ U.S. ___, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). In Leon, the Supreme Court held that the exclusionary rule should not be applied to evidence obtained as a result of an illegal search when the officer conducting the search acts in "objectively reasonable reliance" on a warrant issued by a "detached and neutral magistrate" that is subsequently determined to be defective or invalid.
Under the Leon analysis, the crucial issue in the present case is whether the deputy acted with "objectively reasonable reliance" on the warrant which he obtained and then executed.
The deputy who sought the warrant issued here had been drafting affidavits for search warrants for over six years. Further, he testified that he knew it was critical to the validity of a warrant for the supporting affidavit to contain an allegation of when the contraband was observed on the premises. Despite this admission, he also testified that he thought the affidavit and warrant issued here were valid.
Under these facts, we are unable to hold that the deputy acted in "objectively reasonable reliance" on this warrant which he himself admitted was facially deficient for failing to allege when the contraband was observed on the premises. See Leon, 104 S.Ct. at 3422.
Accordingly, we decline to apply the Leon good-faith exception to the exclusionary rule to the facts of this case. We, therefore, hold that the warrant issued here was invalid insomuch as its supporting affidavit failed to allege probable cause and, as such, the trial court erred in denying appellant's motion to suppress evidence. Appellant's judgment and sentence are hereby REVERSED and the case REMANDED for further proceedings consistent with this opinion.
CAMPBELL, A.C.J., and FRANK, J., concur.