LEHAN, Judge.
The state appeals from an order granting defendant’s motion to suppress marijuana and cocaine found in a house pursuant to a search warrant. The trial court, relying upon King v. State, 410 So.2d 586 (Fla. 2d DCA 1982), concluded that the affidavit in support of the search warrant did not set forth with sufficient specificity the time when the marijuana and cocaine had been seen in the house by a confidential informant. We disagree and reverse.
The affidavit, in saying when the confidential informant observed the drugs in the house, used the phrase “within the past 10 days.” King approves the use of that type of phrase, which does not pinpoint the exact date of the observation, so long as the observation was “within a certain stated period which is not remote to the date of application for the search warrant.” 410 So.2d at 587. King specifically refers to a ten day period as an example of a period not necessarily too remote. Id.
Reversed and remanded for proceedings consistent herewith.
RYDER, A.C.J., and FRANK, J., concur.