511 So.2d 1094 (1987)
Carlton George DIXON, Appellant,
v.
STATE of Florida, Appellee.
No. 87-357.
District Court of Appeal of Florida, Second District.
September 2, 1987.
John D. Hooker, Tampa, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Erica M. Raffel, Asst. Atty. Gen., Tampa, for appellee.
THREADGILL, Judge.
Carlton George Dixon appeals the trial court's denial of his motion to suppress evidence seized as a result of an allegedly defective search warrant. We reverse.
Dixon was charged in a three-count information with trafficking in cocaine, sale of cocaine, and possession of cocaine. He filed a motion to suppress evidence seized pursuant to a search warrant. The trial court denied the motion, and Dixon pled no contest to the charges, reserving his right to appeal the ruling on the motion to suppress. The judge sentenced Dixon to prison for four and one-half years.
Dixon argues that the search warrant was not based on probable cause because the affidavit supporting it failed to state the date when the controlled buy of cocaine was made by the confidential informant. The supporting affidavit to the search warrant issued herein reads in pertinent part:

*1095 Florida Power subscriber information shows the power at said residence to be listed under the name of DEVON A. MILLS since August 13, 1985. Your Affiant states that while inside said residence it appeared that said residence was under the custody and control of several Jamaican Males, and the laws pertaining to the sale and possession of a controlled substance, to wit: cocaine, Florida State Statute 893.13 are being violated.
Your Affiant's reason for his belief is that in his capacity as a Police Officer for the City of St. Petersburg, your Affiant had occasion to enter said residence along with a confidential informant, said confidential informant's reliability has been previously established by your Affiant in that he has given information pertaining to ongoing narcotic investigations which has been independently verified by your Affiant, while inside said residence, said confidential informant was kept under constant visual surveillance by your Affiant. Your Affiant and said confidential informant purchased a substance said to be cocaine, from a Jamaican Male and were invited back by a Jamaican Male, to purchase more cocaine.
As can be seen, the affidavit does not allege when the informant and the police officer observed the illegal transaction. The affidavit was dated September 18, 1985. The search warrant was served September 20, 1985.
While there is no strict rule as to the permissible number of days which may elapse between the date of the observed offense and the making of an affidavit upon which a search warrant is based, generally, the nearer the time at which the observation is made to the time when the affidavit is executed, the more probable it is that probable cause may be justified. The number of days elapsing between the observation of the alleged offense and the day on which the affidavit is executed is always the critical main factor. Hamelmann v. State, 113 So.2d 394 (Fla. 1st DCA 1959).
In Rand v. State, 484 So.2d 1367 (Fla. 2d DCA 1986), this court held that an affidavit supporting a search warrant must contain the specific time or times that the informant observed the illegal activity. The affidavit held insufficient in Rand stated only that the officer received his information from the informant within the ten days prior to execution of the affidavit. In King v. State, 410 So.2d 586 (Fla. 2d DCA 1982), the affidavit held insufficient stated only that an officer received information from an informant within six days of the date of the affidavit. In neither King nor Rand was the date of the illegal activity alleged.
Relying on Borras v. State, 229 So.2d 244 (Fla. 1969), the state contends that where, as here, the affidavit uses present tense language to allege a continuing violation, the defect of failing to give a specific date is cured. The state, in King, also relying on Borras, argued that the affidavit was not defective as it contained a statement by the affiant that "the laws ... are being violated." This court rejected the state's argument because the affidavit was written in the past tense and was silent as to the date of the illegal activity. We see no meaningful distinction between the affidavit in this case and the one in King. The language describing the purchase of drugs is in the past tense, and the statement that the laws are being violated is in the present tense, just as in King. We reject the argument that King and Rand may be distinguished because the affiant relied on the informant's observation of the illegal sale rather than, as here, personal observations.
The state argues on appeal that the date of the alleged sale was September 11, 1985. That date does not appear in the affidavit but the state contends that it is plainly apparent that the sale was after August 13, 1985, and before September 18, 1985, when the warrant was signed, a period of thirty-seven days. There is, however, nothing in the affidavit to show that the sale did not occur before August 13, 1985. The fact that a person named Mills lived at the location from August 13, 1985 does not establish that the sale took place after that date.
*1096 The state also argues that the good faith exception to the exclusionary rule, as enunciated in United States v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), is applicable to these facts. We find it is not applicable. In Rand, on similar facts, this court refused to apply the good faith exception because we were unable to find that a deputy who had been drafting affidavits for six years acted with objectively reasonable reliance on a warrant which failed to allege when contraband was observed on the premises. 484 So.2d at 1368. In the present case, Detective White had been a narcotics detective for approximately three and one-half years and had prepared ten to fifteen affidavits. He knew that he was to give an approximate time frame indicating when contraband was observed on the premises but, nevertheless, failed to do so; thus, it cannot be said that he acted in objectively reasonable reliance on a warrant he knew was based on a faulty affidavit.
The trial court having erred in denying Dixon's motion to suppress the evidence pursuant to the invalid search warrant, the judgment and sentence for trafficking in cocaine is reversed and the defendant discharged for that offense.
This cause is remanded for resentencing on the charges of sale and possession of cocaine.
Reversed and remanded.
SCHEB, A.C.J., and SCHOONOVER, J., concur.