637 So.2d 396 (1994)
STATE of Louisiana
v.
Robert GANT.
No. 93-KK-2895.
Supreme Court of Louisiana.
May 20, 1994.
Rehearing Denied July 1, 1994.
PER CURIAM:
The defendant's application for review is GRANTED and the trial court's ruling on *397 the motion to suppress is affirmed in part and reversed in part as follows.
Based on the detailed nature of the information provided by Robert Lee after his arrest in the ongoing investigation, and the results of their own surveillance, the police had at least reasonable suspicion to make an investigatory stop of the rented car driven by the defendant and occupied by his passenger, Felicia Jackson, on April 27, 1993. See Alabama v. White, 496 U.S. 325, 110 S.Ct. 2412, 110 L.Ed.2d 301 (1990). With regard to Lee, the controlled buy of a small amount of cocaine at his residence by a reliable confidential informant gave the police probable cause to secure a warrant for that address. State v. Grey, 408 So.2d 1239 (La.1982); State v. Klar, 400 So.2d 610 (La.1981). Even assuming that La. Const. 1974, Art. I, sec. 5 conferred on the defendant the right to question the validity of Lee's arrest as a means of challenging the legal basis of his own seizure, cf., State v. Culotta, 343 So.2d 977 (La.1976), that arrest following execution of the warrant was lawful and the information obtained from Lee was not tainted by any prior illegal conduct on the part of the police.
Following the lawful stop of the defendant's vehicle, the police then pursued a means of investigation likely to confirm or dispel their suspicions quickly by summoning to the scene a drug-certified dog. United States v. Sharpe, 470 U.S. 675, 105 S.Ct. 1568, 84 L.Ed.2d 605 (1985). The dog arrived within half an hour of the stop and alerted on the trunk of the vehicle, giving the officers probable cause to search the car. Cf., United States v. Place, 462 U.S. 696, 103 S.Ct. 2637, 77 L.Ed.2d 110 (1983). Exigent circumstances arising from the stop of a vehicle on the open road excused the warrant requirement. State v. Edsall, 385 So.2d 207 (La.1980). Without regard to the validity of the consent form signed by the defendant, the trial court correctly ruled that the search of the car and the arrests of defendant and Jackson were legal, and that the subsequent statements made by Jackson were also lawfully obtained.
The trial court erred, however, in denying the motion to suppress as it related to the evidence seized inside the residence located at 1422 Sharlo Drive in Baton Rouge, Louisiana. The police did not have the defendant's consent or exigent circumstances to excuse the warrantless entry of the home by seven to ten officers when they used a key obtained from the defendant to open the front door and surprise Gina Williams upstairs just after she had finished bathing. State v. Taplette, 545 So.2d 985 (La.1989). The subsequent consent given by Williams for the search was not sufficiently attenuated from the prior unlawful conduct that it was purged of the primary taint. State v. Owen, 453 So.2d 1202 (La.1984); State v. Zielman, 384 So.2d 359 (La.1980). Williams's initial request to speak with her attorney before signing the form did not alone bar further efforts by the police to obtain her consent. See United States v. Cherry, 794 F.2d 201 (5th Cir.1986); State v. Houser, 241 Neb. 525, 490 N.W.2d 168 (1992); 3 W. LaFave, Search and Seizure, sec. 8.2f (2nd ed. 1987). Nevertheless, her failure to contact the attorney meant that no intervening circumstances broke the causal connection between the officers' entry and her subsequent consent. While the officers advised Williams of her right to refuse consent, they also informed her that the defendant was under arrest and that she was a suspect in the investigation. Under these circumstances, the temporal proximity of her consent to the prior illegal entry weighs heavily against a finding of attenuation. The record indicates that the police "came at" their evidence by exploiting their initial illegal entry of the home and that Williams's subsequent consent shortly thereafter did not represent an intervening act of free will. State v. Zielman, supra. The defendant had standing under La. Const. 1974, Art. I, sec. 5 to assert Williams's loss of her privacy rights, as he has been adversely affected by the search of her home. State v. Byrd, 568 So.2d 554 (La.1990); State v. Owen, supra. The trial court therefore erred in denying the motion to suppress the evidence seized from the Sharlo Drive residence.
Accordingly, the trial court's ruling on the motion to suppress is affirmed to the extent that it allows admission of the evidence taken from the defendant's rental car on April 27, *398 1993, and reversed to the extent that it allows introduction of the evidence seized from the Sharlo Drive residence. This case is remanded to the district court for all further proceedings not inconsistent with the views expressed herein.
KIMBALL, J., dissents.
LEMMON, J., not on panel.