671 So.2d 1111 (1996)
STATE of Louisiana
v.
Johnny A. NIEL Jr.
In re Johnny A. NIEL Jr., Defendant Applicant.
No. 95 01042.
Court of Appeal of Louisiana, Third Circuit.
March 27, 1996.
David Wayne Burton, Richard Alan Morton, De Ridder, for Plaintiff Respondent.
Johnny A. Niel, Jr., pro se.
Before SAUNDERS, DECUIR and SULLIVAN, JJ.
WRIT DENIED: The relator plead guilty to conspiracy to cultivate marijuana and reserved his right to appeal the trial court's denial of a motion to suppress evidence. The conviction was affirmed on review. State v. Niel, 93-510 (La.App. 3 Cir. 5/4/94), 640 So.2d 588; writ denied, 94-1454 (La. 3/24/95), 651 So.2d 286. Relator now comes before this court seeking review of the denial of his application for post-conviction relief wherein he alleged police conducted an illegal search of his residence by use of a thermal imaging device.
The relator was arrested following a search of his residence, which was conducted pursuant to a warrant. This court previously reviewed the probable cause determination upon which the warrant was issued and found sufficient facts to support issuance of the search warrant. Id. The results of the thermal imaging device comprised only one of several facts which supported the warrant, and the information obtained from the device revealed no intimate details of relator's residence. Further, as in cases where Louisiana courts have approved the use of drug detection dogs, the utilization of the device was nonintrusive. The scan of relator's residence was conducted by a federal agent certified in the use of the device, and the readings were *1112 observed by two local law enforcement personnel. The agent never entered the relator's property while utilizing the device, and the thermal readings from relator's residence were abnormally high, when compared with nearby structures, and were consistent with the use of indoor "grow lamps." See United States v. Ishmael, 48 F.3d 850 (5th Cir.1995); United States v. Place, 462 U.S. 696, 103 S.Ct. 2637, 77 L.Ed.2d 110 (1983); State v. Gant, 637 So.2d 396 (La.1994); State v. Coleman, 412 So.2d 532 (La.1982).
Accordingly, we find the trial court did not err in denying relator's application for post-conviction relief as the use of thermal imaging equipment by investigating officers, under the circumstances presented in relator's case, did not constitute an illegal search.