BROWNING, J.,
specially concurring.
I concur in the decision affirming the trial court’s suppression order because, under the facts of this case, the “good faith” exception under United States v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984) appears to require it. However, in my opinion, the magistrate erred by issuing the search warrant, because the affidavit for search warrant lacked the legal requirements necessary to provide probable cause for the search warrant’s issuance.
The affidavit for search warrant reads:
AFFIDAVIT FOR SEARCH WARRANT
STATE OF FLORIDA
COUNTY OF WASHINGTON
BEFORE ME, Allen Register, County Judge in and for Washington County, Florida, personally came Inv. Ricky Sewell, Washington County Sheriffs Department, Washington County, Florida, who first being duly sworn, deposes and says: That affiant has reason to believe that those certain laws have been and are being violated in or on certain premises and curtilage located in Washington County, Florida, described as follows, to-wit: Begin travel at the intersection of State Road 77 and Grassy Pond Road, Washington' County, Florida. Travel in an Easterly direction on Grassy Pond Road for a distance of approximately 1.5 miles to a white wooden fence on the right side of Grassy Pond Road. There will be a mailbox beside the wooden fence with the numbers 4841. There will also be a “Beware of Dog” sign, posted on the fence. A dirt drive near the mailbox will lead to the residence and is the residence and curtilage to be searched and further described as follows: A gray double wide mobile home, with a gray shingle roof and green shutters. The mobile home is visible from Grassy Pond Road.
Search to include all curtilage outbuildings and vehicles at said premises, and being the premises occupied by or under the control of person or persons unknown, and there is now being kept in or on said premises and curtilage certain controlled sub *1262 stances, to-wit, Marijuana, which are being kept in violation of the laws of the State of Florida, to-wit: the laws prohibiting sale, possession, manufacture or delivery of controlled substances.
That the facts tending to establish the grounds for this application and the probable cause of the affiant believing that such facts exist are as follows:
On February 26, 1999. Your affiant was contacted by Special Agent Barry Hadden of Florida Department of Law Enforcement. Special Agent Hadden advised your Affiant to an address to a possible marijuana in door grow. Agent Hadden also stated the room which was designated as being the room that marijuana plants were being grown would be located in a bedroom to the rear of the residence. Special Agent Hadden stated that the subject worked as an Emergency Medical Technician, and operated a maroon colored Toyota Truck, and had EMT stickers in the rear window.
On March 1, 1999. Your affiant went to the above described residence. Your Affiant did verify information which was related to my [sic] by Special Agent Hadden as to the location of the residence, vehicle at the residence, and this Affiant personal knowledge that the subject at the residence is an Emergency Medical Technician. While your affiant was verifying the information provided by Agent Hadden, your Affiant did observe in the area which was described by Special Agent Hadden, as the location of the marijuana being grown, that the window had been boarded up. It was also observed by this Affiant that a box constructed of unknown material was in place where the window should have been. Based on your Affiants training and experience, this is an indicator of an air exchange unit or an air vent. This box could also be an indicator of a C02 system which is also used to grow marijuana.
On March 3, 1999. Your Affiant obtained a power usage report and noted peak kilowatt usage with an instant drop in the kilowatt usage. This peak and drop in kilowatt usage is consistent with an indoor grow operation.
On March 4,1999. Your Affiant did conduct an aerial surveillance exercise while being in a helicopter which was equipped with a Forward Looking Infra Red or FLIR system, with a recording system. The FLIR system is a device used to compare ambient temperature on surfaces. Your Affi-ant noted and recorded a difference in the temperature between the suspected grow room and the remainder of the residence. The suspected grow room was at a hotter temperature through the wall surface than the remainder of the residence which appeared to be constructed out of the same material.
Your Affiant is a Law Enforcement Officer with the Washington County Sheriffs Department, where I am employed in the position of Sergeant. Your Affiant is the head of the Narcotics Unit for the Washington County Sheriffs Department. Your Affiant has approximately 6 years in this position and has attended various schools and training in the area of narcotics including the identification, manufacturing, and distribution of marijuana. Your affiant has also attended specialize training in the area of Indoor Grow Operations. This training provides information, some of which is explained in the above affidavit on how to recognize when marijuana is *1263 being grown indoors. Your Affiant is also a certified Thermographer which is training received on the F.L.I.R. system.
THEREFORE, your affiant has reason and good reason to believe that certain items of evidentiary value are being kept in or on said premises. Search of the above -property to be made to seize all items identified as being stolen and the seizure of all persons in possession thereof. (Emphasis added).
WHEREFORE, affiant makes this affidavit and prays the issuance of a search warrant in due form of law for the search of the above described, and for the seizure and safe keeping thereof, subject to the order of the court having jurisdiction thereof, by the duly constituted officers of the law.
/s/ Ricky Sewell Investigator
Washington County Sheriffs Department
SWORN to and subscribed before me in my presence this 8th day of March, 1999.
/s/ Allen Register
County Judge of Washington County, Florida
“Whether a search warrant is supported by probable cause is an issue that is determined and reviewed in the totality of the circumstances in a given case.” McNeely v. State, 690 So.2d 1337, 1338 (Fla. 1st DCA 1997). “[A] magistrate’s determination to issue a warrant should be upheld where ‘the pieces fit neatly together’ to support the conclusion that contraband or evidence of a crime would be found at the location to be searched.” State v. Siegel, 679 So.2d 1201, 1205 (Fla. 5th DCA 1996), quoting Massachusetts v. Upton, 466 U.S. 727, 733, 104 S.Ct. 2085, 80 L.Ed.2d 721 (1984). However, “ ‘[sufficient information must be presented to the magistrate to allow that official to determine probable cause; his action cannot be a mere ratification of the bare conclusions of others.’ ” Leon, 468 U.S. at 915, 104 S.Ct. 3405, quoting Illinois v. Gates, 462 U.S. 213, 239, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983).
In my opinion, the “pieces” of the affidavit sub judice do not “fit neatly together” and do not support a finding of probable cause for issuance of the warrant. Significantly, the magistrate failed to detect the blatant error in the affidavit which directs officers to search for stolen property in an affidavit for a search warrant for narcotics [1] Although I do not believe this error alone invalidates the search warrant, it does raise the question as to whether the magistrate reviewed the affidavit for legal sufficiency or simply “ratified] the bare conclusions” of the affiant.
“Florida law specifically proscribes the issuance of a warrant to search a dwelling for narcotics unless ‘[t]he law relating to narcotics or drug abuse is being violated therein.’ ” Getreu v. State, 578 So.2d 412, 413 (Fla. 2d DCA 1991), citing § 933.18(5), Fla. Stat. (1987). A warrant should issue only if the face of the affidavit demonstrates there is probable cause to believe contraband is presently in the residence. See Montgomery v. State, 584 So.2d 65, 66 (Fla. 1st DCA 1991). Where an affidavit fails to provide a factual basis to show where or when contraband was observed, the affidavit is facially deficient. See Getreu, 578 So.2d at 413-414 (affidavit lacks factual basis where sole allegation as to time pinpoints the date informant spoke with affiant, not the date he saw defendant in possession of cocaine); see also Orr v. State, 382 So.2d 860, 861 (Fla. 1st DCA 1980) (affidavit was insufficient to establish probable cause where it stated only that *1264 affiant received information from confidential informant within past ten days that marijuana was observed inside defendant’s house, without indication as to when informant actually observed marijuana); State v. Howard, 666 So.2d 592, 594 (Fla. 4th DCA 1996) (“affidavit that fails to show that the target residence contains contraband at the time of issuance is defective”).
Significantly, the affidavit sub judice contains no information that marijuana was ever observed in Appellant’s home, or being taken in or out of Appellant’s home, nor any indication as to when the informant saw or had reason to believe “marijuana was possibly” being grown inside. The sole allegation as to time addressed the date the informant spoke to the affiant, not the date he saw or believed marijuana was currently being grown in Appellant’s residence. Because there is no factual basis to support a conclusion that narcotics laws were currently being or would be violated in the dwelling, the affidavit is facially deficient. See Getreu, 578 So.2d at 413-414.
Although the affidavit states that a power usage report and FLIR test were conducted on Appellant’s residence, the affiant indicates only one power usage report was obtained, and one FLIR test conducted. Notably, the affiant failed to compare Appellant’s power usage report and FLIR results to similar, surrounding residences, or even Appellant’s own residence on different days. In the cases finding FLIR test results and power usage reports established probable cause to support issuance of a search warrant, additional incul-patory facts were present and comparisons were made to surrounding residences or structures. See Siegel, 679 So.2d at 1201 (affidavit sufficient where three power usage reports, two thermal imaging tests and three FLIR tests were conducted during an ongoing investigation over a period of several months, and power usage reports were obtained and thermal imaging tests conducted on similarly situated residences on the same street for comparison); see also United States v. Kyllo, 190 F.3d 1041, 1044 (9th Cir.1999) (evidence that suspect’s utility records, when compared to spreadsheet for estimating average electrical use, were abnormally high, and FLIR thermal imaging tests conducted on suspect’s residence and two other residences in triplex showed suspect’s home was “much warmer” than other two residences was sufficient to establish probable cause for issuance of warrant), cert, granted Kyllo v. United States, 530 U.S. 1305, 121 S.Ct. 29, 147 L.Ed.2d 1052 (2000); United States v. Zimmer, 14 F.3d 286 (6th Cir.1994)(ther-mal imager showing that excessive heat was coming from residence, electric bills showing residence used substantially more electricity than other neighborhood homes, and officer’s statement that he smelled marijuana in the home while responding to a call unrelated to the marijuana search were sufficient to establish probable cause); United States v. Robertson, 39 F.3d 891 (8th Cir.1994) (evidence obtained from two FLIR tests of suspect’s residence showed higher degrees of heat radiation from two or three areas of residence, where nearby residences showed no similar heat variations, coupled with foil over windows and detailed information from informant concerning marijuana being-grown in suspect’s residence, suspect’s pri- or harvesting and sale of marijuana, and plans to harvest and sell current indoor crop were sufficient to establish probable cáuse to issue warrant); State v. Niel, 671 So.2d 1111 (La.App. 3 Cir.1996) (evidence that FLIR tests on suspect’s residence was abnormally high when compared to nearby structures, coupled with several additional facts, was sufficient to support issuance of warrant). Conversely, in the case at bar, no comparison of any kind was made. Accordingly, it cannot be ascertained whether Appellant’s power usage *1265 report or FLIR results were suspicious, and the affidavit contained no additional inculpatory facts to overcome this deficiency-
Moreover, the FLIR device should be utilized during night hours to avoid skewing the results by radiating ground heat. See United States v. Field, 855 F.Supp. 1518, 1522 (W.D.Wis.1994) (“Time of use is important; the operator must wait until late night or early morning so that all loaded solar energy has dissipated from the objects to be viewed.”). The affidavit does not state when the FLIR test was done. In my opinion, this additional facial insufficiency in the affidavit provides additional cause to question whether the magistrate simply “rubber stamped” the affi-ant’s assertions.
Issuance of a search warrant is a serious procedure fraught with serious constitutional considerations. These- considerations require at a minimum that an affidavit be carefully examined for legal sufficiency. This was not done here, and for these reasons the search warrant should not have been issued. Unfortunately, Leon dictates we affirm this error, but I wish it did not so constrain this court.

. The error in the affidavit is underlined.