PARKER, Judge.
Robert Allen Garcia appeals the denial of his motion to suppress evidence. We reverse.
Garcia was charged with racketeering, trafficking in cocaine, and possession of drug paraphernalia. He filed a motion to suppress the cocaine and drug paraphernalia seized from his residence following the execution of a search warrant. When the trial judge denied that motion, Garcia pleaded no contest to all charges, reserving his right to appeal the suppression issue on the two felony charges of racketeering and trafficking in cocaine. Garcia received a time-served sentence on the paraphernalia charge.
The facts underlying this case are set forth below. Two Tampa police officers, Edwards and Sinclair, were affiants on a search warrant for Garcia’s residence based upon the following information. Pasco County Detective Tanner advised Edwards that Tanner would bring a white female known to him as Sheree Montano to the 2001 Lounge in Tampa for the purpose of purchasing cocaine. The affiants observed Tanner bring a white female to the 2001 and watched the female converse with another female in the parking lot. Thereafter, Montano walked to a nearby residence. After four minutes, Montano returned to Tanner’s vehicle and advised Tanner that she received one ounce of cocaine but that they had to go to Bobby’s to get it cut. The affiants followed Tanner’s vehicle to 870 North Lincoln, where Montano exited the vehicle, went inside the residence, and returned to the vehicle a short time later. Tanner subsequently telephoned Edwards and advised him that Montano kept one-eighth of an ounce of cocaine for herself and delivered one-fourth of an ounce of cocaine to Tanner. The affidavit then reflects that “[t]he remaining ⅝ of an ounce of cocaine was left inside the residence located at 807 N. Lincoln with the W/M ‘Bobby’.” Sinclair then swore to the fact that Tampa police files list Bobby Garcia as living at 807 North Lincoln in 1977 and that Tampa Electric Company subscriber information listed the current subscriber at that residence as Josephine Garcia.
The trial judge denied the motion to suppress and, in his order, stated:
[T]he Court finds that, although the search warrant is facially insufficient and lacking probable cause in its supporting affidavit, the good faith exception to the exclusionary rule announced by U.S. v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), prevents the exclusion or suppression of the evidence based upon the facially deficient warrant....
*1225 The first issue this court must address is whether the reserved legal issue controls the final disposition of the case. See Brown v. State, 376 So.2d 382 (Fla. 1979). Clearly, on the trafficking charge, the record supports and the state concedes that the issue reserved for appeal is dispos-itive. The record is not so clear respecting the racketeering charge. The state stipulated that the suppression issue was dispos-itive of one of the predicate acts underlying the racketeering charge. The state, however, alleged three predicate acts against Garcia. That fact makes this court’s review difficult because only two predicate acts are necessary to support a racketeering charge. See §§ 895.02(4) and 895.03(3), Fla.Stat. (1987). The trial judge, without specificity, declared that the issue reserved by Garcia was dispositive of the entire case.
We note that two of the predicate acts list the same date, June 17, 1988, one alleging trafficking in cocaine and one alleging possession of drug paraphernalia, and further note that cocaine and paraphernalia were seized pursuant to the execution of the search warrant. We recognize that this court must give substantial deference to the trial court’s determination of the dispositive nature of the issue. Sommers v. State, 404 So.2d 366 (Fla. 2d DCA), review dismissed, 407 So.2d 1105 (Fla.1981). Further, the fact that the record of the hearing which addressed this issue was so “murky” is an additional reason to afford great deference to the trial court’s finding. See Everett v. State, 535 So.2d 667 (Fla. 2d DCA 1988). Accordingly, we will entertain the appeal.
We disagree with the trial court’s denial of the motion to- suppress on the basis of the good faith exception enunciated in United States v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). The Supreme Court in Leon recognized a strong preference for search warrants and declared that in doubtful or marginal cases, a search may be sustained where it would fail without a search warrant. Leon, however, does not permit an officer to rely upon a warrant based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable. Leon, 104 S.Ct. at 3408.
This is not a marginal case in which the Leon good faith exception can apply. At best, there was a female who after meeting with another female, went to a residence, stated that she bought cocaine, later went inside another residence to have the cocaine cut, and then provided the officer with some cocaine. The magistrate’s or judge’s action in issuing, a warrant “cannot be a mere ratification of the conclusions of others.” Leon, 104 S.Ct. at 3416. With this in mind, we hold that the affidavit in the instant case was insufficient to support the probable cause necessary to search Garcia’s residence. Nowhere within the affidavit does an affiant relate any facts as a basis to conclude that cocaine was located at Garcia’s residence, the place where the cocaine was allegedly cut. The statement that “[t]he remaining ⅝ of an ounce of cocaine was left inside the residence located at 807 N. Lincoln with the W/M ‘Bobby’ ” was a mere conclusion of one of the affiants for which there is no factual basis set out in the affidavit as support for that conclusion. Accordingly, we cannot find that the officers acted in good faith by relying on a search warrant supported by an affidavit which so blatantly did not provide probable cause.
We reverse the trial court’s denial of Garcia’s motion to suppress and remand this cause for further proceedings consistent with this opinion.*
Reversed and remanded.
SCHEB, A.C.J., and PATTERSON, J., concur.

 The state represented to the trial court that Mon-tano entered a plea and was now a state witness. This opinion does not address whether Garcia can be charged with possession of the cocaine *1226 which may have been cut by Garcia, delivered to Montano, and subsequently delivered to Detective Tanner,