578 So.2d 412 (1991)
Carol Susan GETREU, Appellant,
v.
STATE of Florida, Appellee.
No. 90-01661.
District Court of Appeal of Florida, Second District.
April 17, 1991.
*413 Britt Whitaker, Tampa, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Elaine L. Thompson, Asst. Atty. Gen., Tampa, for appellee.
THREADGILL, Judge.
Carol Susan Getreu appeals her convictions of trafficking in cocaine, possession of cannabis, and possession of drug paraphernalia. She challenges two trial rulings and the denial of her motion to suppress. We do not reach the trial issues, however, because our decision on the motion to suppress is dispositive. The appellant contends that the probable cause affidavit in support of the warrant to search her home was deficient. We agree and reverse.
The warrant issued on the basis of the following probable cause allegations appearing in an affidavit from two Hillsborough County Sheriff deputies:
During the week of December 6, 1987, confidential informant 87-26, hereby referred to as confidential informant, did contact your affiant and advised your affiant that a white male known by the confidential informant only as David, last name unknown, is in possession of approximately eighty-four (84) grams of cocaine, as personally observed by the confidential informant.
Confidential informant advised your affiant that subject David lives in the residence as described in exhibit "A", with a white female by the name of Carol Susan Norman, which was confirmed by a Tampa Electric Company address check.
Because the affidavit lacks a factual basis to show when and where the informant observed David in possession of the cocaine, it falls short of constitutional requirements for probable cause. U.S. Const. amend. IV; Art. I, § 12, Fla. Const. (1982).
Florida law specifically proscribes the issuance of a warrant to search a dwelling for narcotics unless "[t]he law relating to narcotics or drug abuse is being violated therein (emphasis added)." § 933.18(5), Fla. Stat. (1987); see State v. Bernie, 472 So.2d 1243, 1245-46 (Fla. 2d DCA 1985). Failure to allege facts from which a magistrate can find probable cause to believe there is contraband inside a dwelling renders the warrant invalid. See Brown v. State, 561 So.2d 1248 (Fla. 2d DCA 1990); Garcia v. State, 554 So.2d 1223 (Fla. 2d DCA 1990). We find therefore that the affidavit was legally insufficient for failure to show the cocaine was located within the dwelling.
*414 The affidavit also lacks a factual basis as to when the informant observed David in possession of cocaine. The sole allegation as to time pinpoints the date the informant spoke to the affiants, not the date he saw David in possession of cocaine.
The same deficiency invalidated a search warrant in Rand v. State, 484 So.2d 1367 (Fla. 2d DCA 1986). Rand's sole allegation as to time read: "within the last ten days he [the affiant] interviewed two confidential informants who claimed to have observed marijuana growing at a location on Pine Road in Lee County, Florida... ." Id. See also King v. State, 410 So.2d 586 (Fla. 2d DCA 1982). Thus the absence of an allegation as to when the cocaine was seen in David's possession also invalidates the probable cause affidavit.
The state urges that the affidavit is sufficient when the totality of the circumstances is examined, citing Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). The totality of the circumstances test requires the magistrate "to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the `veracity' and `basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." 462 U.S. at 238, 103 S.Ct. at 2332. The state argues that the informant's reliability as evinced by his "personal" observation of the cocaine and knowledge that David lived with the appellant are circumstances that offset the lack of a factual basis. We do not agree because an additional factual basis cannot be inferred from these circumstances; thus, they add nothing to a magistrate's knowledge as to when and where the contraband was observed.
At oral argument the state asserted that testimony not transcribed for appeal would show that the magistrate issued the warrant based on the officers' testimony. This argument, however, overlooks the affidavit requirement of section 933.18(10), Florida Statutes (1987), which provides in part: "[n]o warrant shall be issued for the search of any private dwelling under any of the conditions hereinabove mentioned except on sworn proof by affidavit of some credible witness that he has reason to believe that one of said conditions exists, which affidavit shall set forth the facts on which such reason for belief is based." The state is not permitted to support an affidavit for search of a dwelling with additional evidence. Panzavecchia v. State, 201 So.2d 762 (Fla. 3d DCA 1967); see State v. Martin, 539 So.2d 577 (Fla. 5th DCA 1989). Therefore, we conclude that no other circumstances offset the facial deficiencies of the affidavit and the warrant was invalid for lack of probable cause.
The invalidity of the warrant notwithstanding, the state contends that the search can be upheld on the good faith exception enunciated in United States v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). Leon reasoned that the exclusionary rule was intended to deter police misconduct, not to rectify an individual right. Id. at 906, 104 S.Ct. at 3411-12. Therefore, where the police act in good faith on a warrant they have no reason to believe is invalid, the deterrent effect of suppressing illegally seized evidence is minimal. 468 U.S. at 919-20, 104 S.Ct. at 3418-19. The test for good faith is "whether a reasonably trained officer would have known that the search was illegal despite the magistrate's authorization." 468 U.S. at 922 n. 23, 104 S.Ct. at 3420 n. 23. "Nor would an officer manifest objective good faith in relying on a warrant based on an affidavit `so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable.'" 468 U.S. at 923, 104 S.Ct. at 3421. The objective good faith standard requires officers to have a reasonable knowledge of what the law prohibits. Id. at 919 n. 20, 104 S.Ct. at 3419 n. 20.
The affidavit in this case precludes good faith reliance on the warrant because it omits requirements specifically prescribed by law. Subsection 933.18(5) prohibits the issuance of a search warrant to search a private dwelling unless "[t]he law relating to narcotics or drug abuse is being *415 violated therein (emphasis added)." Subsection 933.18(10) prohibits the issuance of a warrant for a dwelling unless the affidavit contains a factual basis. A reasonably trained officer may be expected to know these requirements.
In summary, we find that the affidavit is facially deficient in failing to provide a factual basis to show where or when the contraband was observed. We also find that neither other circumstances nor the good faith exception of Leon overcome these deficiencies. We therefore reverse the appellant's convictions.
Reversed.
SCHEB, A.C.J., and PARKER, J., concur.