872 So.2d 961 (2004)
Boyd JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. 4D02-4958.
District Court of Appeal of Florida, Fourth District.
April 14, 2004.
Rehearing Denied May 21, 2004.
*962 Richard D. Kibbey of Kibbey & Barlow, Stuart, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Donna L. Eng, Assistant Attorney General, West Palm Beach, for appellee.
FARMER, C.J.
Defendant seeks reversal of an order denying the suppression of evidence. He argues that the affidavit on which a search warrant was issued was fatally defective in not specifying when the informant met with defendant. He also contends that the police search was improper because the officers violated the "knock and announce" statute in not waiting longer than 20 seconds before breaking down his door. We affirm on both grounds.
The text of the affidavit in question is as follows:
"During the week ending 3/22/02, your affiants met with a[n] [informant] at a pre-determined location, the [informant] stated he was approached by a Hispanic male to help find about ten pounds of marijuana. The [informant] said the Hispanic male had ten thousand dollars in cash for the purpose of purchasing marijuana to take back to North Carolina. The [informant] stated the Hispanic male said he wanted the [informant] to check the marijuana for him to ensure its quality. The [informant] met the Hispanic male and drove to the aforementioned address. The [informant] said they went into the house where they met [a man known only as] Gustavo. Gustavo went to a shed behind the residence and brought back what was approximately twenty pounds of marijuana. Gustavo told the Hispanic male he was in possession of about forty eight pounds of marijuana which he kept in the shed. The [informant] said the Hispanic male bought about two pounds of the marijuana for two thousand dollars. The [informant] stated they personally handled the marijuana and positively identified the green substance as marijuana. The [informant] met with me and gave me a description of the residence. The [informant] said the shed was behind the house and that the house sat back off the road. The [informant] said the driveway had a green sign that had the letters `MC' next to a metal tube gate. Det. Davis, Flowers *963 and I followed the [informant's] directions and found the description to be true and accurate."
Defendant argues that there is nothing stating or implying when the informant met with the person selling the contraband described. The only date or time frame referred to in the body of the affidavit is "the week ending 3/22/02"when the officers met with the informant to discuss a drug transaction he claimed to have witnessed. March 22, 2002 is also the date on which the officers applied for the search warrant. The affidavit does not state an exact date when the informant allegedly saw contraband at defendant's residence.
We begin to assess the sufficiency of this affidavit by recognizing:
"a magistrate's determination of probable cause should be paid great deference by reviewing courts. After the fact scrutiny by courts of the sufficiency of an affidavit should not take the form of de novo review. The duty of the reviewing court is to insure that the magistrate who has issued the search warrant had a substantial basis for concluding that probable cause existed." [c.o.]
Schmitt v. State, 563 So.2d 1095, 1099 (Fla. 4th DCA 1990), quashed on other grounds, 590 So.2d 404 (Fla.1991), cert. denied, 503 U.S. 964, 112 S.Ct. 1572, 118 L.Ed.2d 216 (1992); see also Massachusetts v. Upton, 466 U.S. 727, 104 S.Ct. 2085, 80 L.Ed.2d 721 (1984). In reviewing this warrant, we also recognize:
"The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him ... there is a fair probability that contraband or evidence of a crime will be found in a particular place."
Schmitt v. State, 590 So.2d 404, 409 (Fla. 1991), cert. denied, 503 U.S. 964, 112 S.Ct. 1572, 118 L.Ed.2d 216 (1992). The evidence in the affidavit need not be conclusive; nor must it meet the "technical requirements of elaborate specificity" imposed upon legal pleadings. Schmitt, 563 So.2d at 1098.
In this case, although the affidavit fails to state the specific date the informant allegedly saw contraband at defendant's residence, it sets forth sufficient circumstances to justify the issuance of a search warrant. First, in paragraph 2, the affidavit sets forth a basis for accepting the informant's reliability:
"The [informant] has provided your affiants with information on numerous known drug traffickers in St. Lucie County. The [informant] has provided information on no less than ten different occasions, during these occasions the [informant] provided information regarding in excess of fifteen individuals and their activities involving narcotic trafficking in St. Lucie. The information regarding each individual has been corroborated as accurate and reliable.... The [informant] has made twenty controlled buys of cocaine and marijuana. The information provided by the [informant] has been investigated by your affiants and determined to be reliable and accurate. The [informant] has provided information which has resulted in more than five arrests. A result of the arrests has led to the seizure of cocaine, marijuana, U.S. currency and vehicles.... The [informant] has handled narcotics and can identify narcotics such as marijuana.... As a result of the information provided by the [informant], the Police Dept. has arrested more than five individuals on assorted narcotic violations."
Moreover, it is plausible to conclude that the phrase, "during the week ending 3/22/02," refers to the time when the informant went to defendant's residence where the informant saw the contraband and drug transaction. Yet it may *964 also mean something else. In this regard the affidavit is merely ambiguous. If so, we are charged to defer to the trial court's probable cause determination, for:
"[a]lthough ... it may not be easy to determine when an affidavit demonstrates the existence of probable cause, the resolution of doubtful or marginal cases in this area should be largely determined by the preference accorded to warrants."
Doorbal v. State, 837 So.2d 940, 952 (Fla. 2003); Illinois v. Gates, 462 U.S. 213, 232 n. 10, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983); United States v. Ventresca, 380 U.S. 102, 109, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965). Indeed, great deference is accorded to the trial court's probable cause determination. See Doorbal, 837 So.2d at 954; Terry v. State, 668 So.2d 954, 958 (Fla.1996).
We are aware, however, of cases from the Second District holding that an affidavit in support of search warrant is deficient when it fails to allege the specific time/date the contraband was seen on the premises to be searched. See Getreu v. State, 578 So.2d 412 (Fla. 2d DCA 1991); Rand v. State, 484 So.2d 1367 (Fla. 2d DCA 1986); King v. State, 410 So.2d 586 (Fla. 2d DCA 1982). We could merely distinguish these decisions on the basis that here the affidavit is merely ambiguous as to time but is otherwise supported by sufficient facts from which the magistrate could find probable cause. To the extent, however, that this distinction is not true, we certify conflict with any inexorable rule intended by these cases.
Even if we were to find the warrant facially invalid, it qualifies for the good faith exception to the exclusionary rule recognized in United States v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). In Leon, the United States Supreme Court held that suppression of evidence was not required when police act in good faith on a warrant they have no reason to believe is invalid. The test for good faith is "whether a reasonably trained officer would have known that the search was illegal despite the magistrate's authorization." Leon, 468 U.S. at 923 n. 23, 104 S.Ct. 3405.
As we have said, the affidavit in this case is at worst ambiguous as to temporal context but otherwise supplies sufficient facts from which a magistrate would have a substantial basis for concluding that probable cause existed. As such, its temporal deficiency is more likely than not a matter of poor drafting rather than bad faith. See, e.g., State v. Enstice, 573 So.2d 340, 343 (Fla. 5th DCA 1990). We therefore conclude that defendant has failed to show error with regard to the sufficiency of the affidavit.
As for the 20-second "knock and announce" violation, this issue is effectively put to rest by the recent decision in United States v. Banks, 540 U.S. 31, 124 S.Ct. 521, 157 L.Ed.2d 343 (2003). The time interval here between knocking and breaking is nearly identical to the Supreme Court case. The Court held that interval of 15 to 20 seconds, from the time that the police officers conducting an afternoon execution of a narcotics trafficking search warrant loudly knocked on the apartment door, until they forcibly entered after getting no response, was reasonable. The Court relied on the exigency of possible destruction of narcotics evidence during any longer delay.
This exigency was not negated by the fact that the resident was in the shower at the time of the knock and would have had time to answer the door if he had heard the knock. The Court emphasized the facts known to the officers at the time determined the reasonableness of the "wait" time. As the Court also stressed, the entry was not justified based on any *965 implied refusal of entry but rather on this exigency. These considerations apply with equal force to the present case. The exigency of the possible destruction of the contraband evidence justifies the refusal to wait any longer for a response.
AFFIRMED.
GUNTHER and TAYLOR, JJ., concur.