898 So.2d 1175 (2005)
Nathan J. BRINKLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-5417.
District Court of Appeal of Florida, Second District.
April 6, 2005.
*1176 James Marion Moorman, Public Defender, and Terri L. Backhus, Special Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and C. Suzanne Bechard, Assistant Attorney General, Tampa, for Appellee.
DAVIS, Judge.
Nathan J. Brinkley challenges his conviction for first-degree murder. The charge against Brinkley stemmed from the killing of an armored car guard collecting a deposit from a Chili's restaurant. Because a successor trial judge entered three orders below denying motions to suppress without himself holding evidentiary hearings on the motions, we reverse and remand.
The initial judge on Brinkley's case held evidentiary hearings on Brinkley's motions to suppress cash found in his car and statements he made to the police. Following the hearings, the initial trial judge orally indicated that he was denying the motions. He asked the State to submit a written order to that effect, but he recused himself before any order was entered. Once a successor judge was appointed to the case, Brinkley moved for rehearing of the three motions. The successor judge then entered three two-sentence written orders denying those motions nunc pro tunc to the date the predecessor judge orally denied them. The successor judge did not rehear the motions and based his denial on the predecessor judge's indication that he was denying the motions.
Section 38.07, Florida Statutes (2001), provides:
When orders have been entered in any cause by a judge prior to the entry of any order of disqualification ... any party to the cause may ... petition the judge so designated for a reconsideration of the orders entered by the disqualified judge.... Such a petition shall be granted as a matter of right.... The judge before whom the cause is then pending may, after the hearing, affirm, approve, confirm, reenter, modify, or vacate the orders.
Pursuant to this section, the successor judge here should have granted Brinkley's motion for rehearing. See also Beattie v. Beattie, 536 So.2d 1078, 1079 (Fla. 4th DCA 1988) ("[T]he existing law of Florida is that a successor judge may not enter an order or judgment based upon evidence heard by the predecessor."). Accordingly, we must reverse and remand for the trial court to grant Brinkley's motion for reconsideration and conduct a de novo hearing on Brinkley's motions to suppress. Should the trial court grant any of the motions to suppress, the trial court should grant Brinkley a new trial. However, inasmuch as the original trial proceeded with the trial court having denied the motions, should the trial court deny them again *1177 after conducting a de novo hearing, the trial court should reinstate the conviction and sentence. Cf. Roberts v. State, 841 So.2d 558, 560 (Fla. 4th DCA 2003) (reversing and remanding for a Frye hearing and instructing the trial court that "[i]f, following a hearing, the court determines that there was a sufficient basis for admitting the DNA evidence presented at trial, the court should reinstate the conviction and sentence").
Because we conclude that it was reversible error for the successor judge to deny Brinkley's motion to rehear his three motions to suppress that were orally denied by the predecessor judge, we need not address the other issues raised by Brinkley on appeal.
Reversed and remanded with instructions.
STRINGER and WALLACE, JJ., Concur.