910 So.2d 934 (2005)
STATE of Florida, Appellant,
v.
Gerald JENKINS, Appellee.
No. 2D03-2708.
District Court of Appeal of Florida, Second District.
September 21, 2005.
*935 Charles J. Crist, Jr., Attorney General, Tallahassee, and Helene S. Parnes, Assistant Attorney General, Tampa, for Appellant.
James Marion Moorman, Public Defender, and Deborah K. Brueckheimer, Assistant Public Defender, Bartow, for Appellee.
VILLANTI, Judge.
The State appeals the trial court's order granting Gerald Jenkins' dispositive motion to suppress property seized from his office at Sechrest Bail Bonds pursuant to a search warrant. We conclude that the search warrant was supported by probable cause as established by an affidavit and therefore reverse the trial court's order suppressing the evidence.
On May 16, 2002, Detective Linda DeNiro of the City of Sarasota Police Department submitted an affidavit for a search warrant of Jenkins' office at Sechrest Bail Bonds, a strip mall store located at 12 South Lime Avenue in Sarasota. The affidavit indicates that Jenkins was an employee at the bail bonds office. The affidavit *936 also sets forth the following grounds as probable cause to issue the warrant: On April 10, 2002, Detective DeNiro interviewed a sixteen-year-old girl, L.N. L.N. told Detective DeNiro that she went to Sechrest Bail Bonds to bond her mother out of jail in November 2001. At the bail bonds office, L.N. spoke to employee Jenkins and told him that she did not have enough money to pay the ten percent downpayment. Jenkins informed L.N. that "she could flash him her `boobs' and... not have to worry about the rest of the money." L.N. agreed, and Jenkins took a digital photograph of L.N.'s breasts. L.N. then saw the photograph saved on Jenkins' computer. At the same time, she also observed photographs of other women's breasts on Jenkins' computer.
The affidavit also says that about a month later, on May 16, 2002, Carole Sechrest, the owner of the bail bonds office, reported to the police that she found "pornographic photos and short videos" on Jenkins' computer at the bail bonds office. Sechrest said that a seventeen-year-old girl, L.D., came to her home and told her that Jenkins took a digital video of himself fondling L.D.'s breasts. L.D. also told Sechrest about Jenkins' deal with L.D. that she would not have to pay the full bond amount if she allowed him to record a video of her. Sechrest checked Jenkins' computer in his office and found the video of Jenkins fondling L.D., along with photographs and videos of several other women. Also on May 16, 2002, L.D. went to the Sarasota police department and gave a taped statement, accusing Jenkins of photographing her breasts on the previous day, May 15, 2002. L.D. also reported that she saw a video of a twelve-year-old girl's breasts on Jenkins' computer. The affidavit further states that Jenkins was then asked to come to the Sarasota Police Department for questioning on May 16, 2002, and that Jenkins admitted to videotaping L.D. with his office computer's digital camera in a post-Miranda[1] interview.
A search warrant was issued and executed on May 16, 2002. The officers seized computer equipment, computer disks, a digital camera, and a pornographic tape, among other things, from Jenkins' office at Sechrest Bail Bonds. The State later charged Jenkins with sexual performance by a child in violation of section 827.071(2), Florida Statutes (2002). Jenkins filed a motion to have the evidence suppressed. The trial court granted the motion, finding that the affidavit in support of the search warrant was defective because it did not state that Jenkins actually had physical contact with a minor female's breasts.
A search warrant must be based on probable cause supported by an affidavit. Art. I, § 12, Fla. Const. To establish probable cause, the affidavit in a search warrant application must set forth two elements: (1) the commission element  that a particular person has committed a crime  and (2) the nexus element  that evidence relevant to the probable criminality is likely located at the place to be searched. Burnett v. State, 848 So.2d 1170, 1173 (Fla. 2d DCA 2003). The task of the issuing magistrate is "to make a practical, common-sense decision" based on "all the circumstances set forth in the affidavit." State v. Gonzalez, 884 So.2d 330, 333 (Fla. 2d DCA 2004). "The duty of the reviewing [trial] court is to ensure that the magistrate had a substantial basis for concluding that probable cause existed, and this determination must be made by examining the four corners of the affidavit." Garcia v. State, 872 So.2d 326, 329 (Fla. 2d DCA 2004). "The trial court's determination of the legal issue of probable *937 cause is, however, subject to the de novo standard of review." Pagan v. State, 830 So.2d 792, 806 (Fla.2002).
Here, the affidavit executed by Detective DeNiro alleged that Jenkins violated section 827.071. Subsection (2) prohibits employing, authorizing, or inducing a child less than eighteen years of age to engage in a "sexual performance." Subsection (5) prohibits the knowing possession of any depiction known to include "sexual conduct" by a child. "Sexual performance" is defined as "any performance or part thereof which includes sexual conduct by a child of less than 18 years of age." § 827.071(1)(h). "Sexual conduct" is defined as
actual or simulated sexual intercourse, deviate sexual intercourse, sexual bestiality, masturbation, or sadomasochistic abuse; actual lewd exhibition of the genitals; actual physical contact with a person's clothed or unclothed genitals, pubic area, buttocks, or, if such person is a female, breast, with the intent to arouse or gratify the sexual desire of either party; or any act or conduct which constitutes sexual battery or simulates that sexual battery is being or will be committed....
§ 827.071(1)(g) (emphasis added).
According to Detective DeNiro's affidavit, Sechrest said that she heard from seventeen-year-old L.D. that Jenkins took a photograph and/or video of himself fondling L.D.'s breasts. Sechrest also said that she saw the video of Jenkins fondling L.D.'s breasts on his computer at the bail bonds office. This established the commission element  that a particular person, Jenkins, committed a crime, a violation of section 827.071. The affidavit established a violation of either subsection (2) or (5) because it, in common sense terms, alleged that Jenkins induced L.D., a female minor, to allow him to touch her breasts to gratify his sexual desire and that he possessed a digital photograph or video of himself fondling L.D.'s breasts.
Jenkins argues that the affidavit fails to establish the commission element because it contains contradictory information from the victim, L.D., and Sechrest. We disagree. L.D. reported that Jenkins photographed her breasts in exchange for a bail bond deal. Sechrest reported, based on her conversation with L.D. and her viewing of the video on Jenkins' computer, that Jenkins had fondled L.D.'s breasts. The statements of L.D. and Sechrest were not conflicting  L.D. merely refrained from commenting on whether there had been physical contact. Jenkins also argues that Sechrest's statement by itself could not establish that Jenkins violated section 827.01 because she was not present at the time of the violation. We reject this contention. Sechrest would not have to be present for the actual photography session to be able to establish that Jenkins was in possession of material depicting a child engaged in sexual conduct. Sechrest would also not have to be present for the violation to establish that Jenkins induced sexual conduct by a minor because "[i]t is well established that a search warrant can be issued based upon ... hearsay evidence." Cano v. State, 884 So.2d 131, 135 (Fla. 2d DCA 2004).
As for the nexus element, an affidavit for a search warrant must contain a specific time when the illegal activity that forms the basis for issue of the warrant was observed. Dixon v. State, 511 So.2d 1094 (Fla. 2d DCA 1987). This is because
[t]he length of time between the events relied upon to obtain a search warrant and the date of issuance bears upon probable cause.... Generally, as the time period increases there is less likelihood that the items sought to be seized *938 will be found on the premises described in the warrant.
Haworth v. State, 637 So.2d 267, 267 (Fla. 2d DCA 1994) (quoting Smith v. State, 438 So.2d 896, 898 (Fla. 2d DCA 1983)).
Here, the affidavit notes that Sechrest found and watched a video of Jenkins fondling L.D.'s breasts. The affidavit does not expressly state the specific date that Sechrest found the video, only the date she reported the video to police, May 16, 2002. However, reading the affidavit in its entirety makes it clear that all of the events concerning L.D. transpired between May 15 and 16, 2002. The affidavit says that L.D. told Detective DeNiro that she went to see Jenkins at the bail bonds office and that he photographed her breasts on May 15. Sechrest reported Jenkins to the police on May 16. Therefore, we can assume that at some point of time between those two dates, L.D. told Sechrest about the video, and Sechrest found and watched the video on Jenkins' computer. Detective DeNiro submitted the warrant application and affidavit on May 16, 2002  within a day of the allegedly illegal activity  thus making it extremely likely that the items Detective DeNiro sought would be found on the premises described, the bail bonds office. Accordingly, the information in the affidavit was not stale. Cf. Haworth, 637 So.2d 267 (finding that a sixteen-month time lapse between the time that a pornographic videotape was made and the time the search warrant was obtained resulted in a stale warrant). Detective DeNiro's affidavit established the nexus element  that the video of Jenkins fondling L.D. was likely located on Jenkins' computer in his office at Sechrest Bail Bonds.
We acknowledge that Detective DeNiro's allegations in the affidavit that Jenkins took pictures of the breasts of other minor females and other women, including a picture of sixteen-year-old L.N.'s breasts in November 2001, did not establish the commission and nexus elements necessary to establish probable cause. As for the commission element, a picture of a minor female's exhibition of her breasts by itself is not a violation of section 827.071. See § 827.071(1)(g) (including in its definition of sexual conduct "actual physical contact" with a minor female's breasts with "the intent to arouse or gratify the sexual desire of either party" and "actual lewd exhibition of the genitals," but not the exhibition of female breasts). As for the nexus element, the affidavit did not establish that pictures of L.N. taken six months before were still likely located at Jenkins' bail bonds office, and there were no specific dates given for other photography sessions. See Haworth, 637 So.2d 267 (finding that a search warrant was stale when the affidavit had no information as to when the events depicted on a pornographic tape actually occurred and whether such activities continued to occur after the tape was made). However, the fact that the affidavit contained this extra information should have had no impact on the probable cause analysis because the affidavit already established probable cause to search and seize Jenkins' computer, digital camera, and other computer equipment based on the allegations involving Jenkins fondling L.D.
Because the magistrate issuing the search warrant of the bail bonds office had a substantial basis for concluding that probable cause existed, we reverse the trial court's order granting Jenkins' motion to suppress the evidence seized and remand for further proceedings.
Reversed and remanded.
WALLACE, J., and THREADGILL, EDWARD F., Senior Judge, Concur.
NOTES
[1] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).