927 So.2d 1011 (2006)
STATE of Florida, Appellant,
v.
Don C. VANDERHORS, Appellee.
No. 2D05-1494.
District Court of Appeal of Florida, Second District.
April 19, 2006.
*1012 Charles J. Crist, Jr., Attorney General, Tallahassee, and Richard M. Fishkin, Assistant Attorney General, Tampa, for Appellant.
James Marion Moorman, Public Defender, and Lisa Lott, Assistant Public Defender, Bartow, for Appellee.
WALLACE, Judge.
The State challenges an order suppressing evidence obtained by the police during the execution of a search warrant. The trial court ruled that the affidavit filed in support of the search warrant was fatally defective because it failed to demonstrate probable cause. After careful consideration of the affidavit, we reverse the suppression order.
On May 20, 2004, Officer Gary Garboski and Officer Selser Pickett of the Tampa Police Department filed an affidavit in support of a requested search warrant. To establish a probable cause basis for the issuance of the warrant, the officers stated the following facts:
5. Between the week of May 9th and the 13th day of May 2004 Affiant's [sic] met with a Tampa Police Department confidential informant, hereafter referred [to] as CI, who stated that an unknown black male was keeping and selling crack cocaine from within 1918 West Palmetto Street. CI is a drug user and has purchased crack cocaine from within this residence in the past. CI has been working with affiant's [sic] and has given credible and verified information in the past leading to several successful search warrants where felony arrests were affected and over twenty (20) grams of crack cocaine and money were recovered.
6. To further verify the information given by CI your affiant's [sic] caused the CI to be searched finding no money or illegal controlled substances. The Cl was supplied with a predetermined amount of TPD investigative funds. Affiant Garboski went with CI to 1918 W[.] Palmetto St[.] and watched CI purchase crack cocaine from an unknown black male at this residence. The substance was given to affiant and field tested positive as crack cocaine. The substance was placed into the TPD property section.
7. For a period of two days your affiant's [sic] conducted visual surveillance at [1918] West Palmetto Street and observed numerous drug transactions from this residence. This location has also been the target of several citizen *1013 complaints reference [sic] narcotic related activity along with a formal complaint that came in through the Tampa Police Department QUAD Hotline. Affiant's [sic] were contacted by Officer Chad Hughes of the Tampa Police Department QUAD squad who had also conducted a controlled purchase of crack cocaine from this residence.
Based on the affidavit, the magistrate issued the warrant on May 20, 2004. The officers executed the warrant the same day. The search resulted in the discovery of cocaine and drug paraphernalia.
In its order granting Vanderhors' motion to suppress the drug evidence, the trial court concluded that the affidavit failed to demonstrate probable cause because it did not indicate when the confidential informant (CI) observed the contraband or provide the dates when the controlled buys and surveillance occurred. In reaching this conclusion, the trial court relied on this court's decisions in Getreu v. State, 578 So.2d 412 (Fla. 2d DCA 1991); Rand v. State, 484 So.2d 1367 (Fla. 2d DCA 1986); and King v. State, 410 So.2d 586 (Fla. 2d DCA 1982).
A search warrant must be based on probable cause supported by an affidavit. Art. I, § 12, Fla. Const. To establish probable cause, the affidavit must set forth two elements: (1) the commission element  that a particular person has committed a crime  and (2) the nexus element  that evidence relevant to the probable criminality is likely to be located at the place searched. Burnett v. State, 848 So.2d 1170, 1173 (Fla. 2d DCA 2003). In considering the sufficiency of the affidavit to demonstrate probable cause, the magistrate must examine the totality of the circumstances. The United States Supreme Court has defined the task of the magistrate as follows:
The task of the issuing magistrate is simply to make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.
Illinois v. Gates, 462 U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). On a motion to suppress the fruits of a search in accordance with a warrant, a trial court examines whether the issuing magistrate had a substantial basis for concluding that probable cause existed, and this determination is made by examining the affidavit in its entirety. Garcia v. State, 872 So.2d 326, 329 (Fla. 2d DCA 2004). The trial court should not disturb the issuing magistrate's determination absent a clear demonstration of an abuse of discretion. State v. Gonzalez, 884 So.2d 330, 333 (Fla. 2d DCA 2004). On appeal, the trial court's determination of the legal issue of probable cause is subject to de novo review. Pagan v. State, 830 So.2d 792, 806 (Fla. 2002).
The issue before this court is whether the factual allegations in the affidavit were sufficient for the issuing magistrate to find a fair probability that contraband would be found at the residence. The trial court found two fatal omissions in the affidavit: (1) paragraph 5 did not include the date on which the CI observed contraband in the residence and (2) paragraphs 6 and 7 did not indicate when the controlled buys occurred. In our review of the trial court's findings, we will first address the omission from paragraph 5 of the date when the CI observed the illegal activity.
In the cases relied on by the trial court, this court addressed the issue of an affidavit's *1014 lack of a factual basis to show when an informant observed the alleged illegal activity at the dwelling in question. In Getreu, the affidavit alleged that "[d]uring the week of December 6, 1987, confidential informant 87-26 . . . did contact your affiant and advised your affiant that a white male known by the confidential informant only as David . . . is in possession of approximately eighty-four (84) grams of cocaine, as personally observed by the confidential informant." 578 So.2d at 413. Although the affidavit pinpointed the date on which the informant spoke to the affiant, it did not indicate when the informant saw David in possession of cocaine. Id. at 414. This court held that because the affidavit failed to show when the informant observed David in possession of cocaine, it fell short of the constitutional requirements for determining the existence of probable cause. Id. at 413; see also Rand, 484 So.2d 1367 (holding that an affidavit containing no allegation of when the informants observed the marijuana on appellant's premises was insufficient); King, 410 So.2d 586 (holding that an affidavit supporting a search warrant must contain the specific time when the informant observed illegal activity).
Although the affidavit in this case states that the affiant met with the CI "[b]etween the week of May 9th and the 13th," nothing in paragraph 5 indicates when the CI saw the contraband within Vanderhors' residence. Based on the teaching of Getreu, Rand, and King, we conclude that the trial court correctly found that the allegations in paragraph 5 did not provide a factual basis for the issuing magistrate to find probable cause. Because we agree with the trial court's analysis on this point, our focus turns to whether the factual allegations in paragraphs 6 and 7 were sufficient for the issuing magistrate to find a fair probability that contraband would be found in the residence.
In paragraph 6, the officers recounted the events of a controlled buy supervised by Officer Garboski. In paragraph 7, the officers stated that they were contacted by Officer Chad Hughes who had also conducted a controlled purchase of crack cocaine from the residence. On this point, the State argues that the dates of the controlled buys were not essential because one of the buys had to have been made within eleven days before the issuance of the warrant.
To establish the nexus element  that evidence relevant to the probable criminality is likely to be located at the place searched  an affidavit for a search warrant must state the specific time when the illegal activity that forms the basis for probable cause was observed. State v. Jenkins, 910 So.2d 934, 937 (Fla. 2d DCA 2005). The date of the observation is important to the probable cause determination for this reason:
"The length of time between the events relied upon to obtain a search warrant and the date of issuance bears upon probable cause. Generally, as the time period increases there is less likelihood that the items sought to be seized will be found on the premises described in the warrant."
Haworth v. State, 637 So.2d 267, 267 (Fla. 2d DCA 1994) (citation omitted) (quoting Smith v. State, 438 So.2d 896, 897-98 (Fla. 2d DCA 1983)).
Recently, this court found in Jenkins that an affidavit established that the evidence was still likely to be located at the place to be searched despite the omission from the affidavit of an express statement concerning when the informant found the evidence. 910 So.2d at 938. On May 15, 2002, Jenkins videotaped himself fondling a minor's breasts. Id. at 936. On May 16, the minor reported Jenkins to the police, *1015 Jenkins' employer notified police that she found a video of Jenkins with the minor on Jenkins' computer, and the detective submitted the warrant application. Id. at 935-36. Although the affidavit did not indicate when Jenkins' employer found the video, the fact that the affidavit was filed within one day of the illegal activity made it likely that the video was still on the premises. Id. at 938. This court concluded that the affidavit was sufficient to establish probable cause to issue a warrant for the search of Jenkins' computer. Id.
The timeline of events in this case is not as straightforward as the timeline in Jenkins. Paragraph 5 establishes that the officers met with the CI between May 9 and May 13, 2004. Paragraph 6 relates that "[t]o further verify the information given by CI" the officers performed a controlled buy. Paragraph 7 states that the officers conducted surveillance of the residence for a period of two days and that Officer Hughes had conducted his own controlled buy. The affidavit was filed on May 20, 2004.
The facts alleged in paragraph 7 are insufficient alone to establish that it was likely that the contraband would be found at the residence. Without a reference to a date or time period, the officers' surveillance and Officer Hughes' controlled buy could have occurred at any time. Nevertheless, after applying the totality of the circumstances test established by the Supreme Court in Gates, 462 U.S. at 238, 103 S.Ct. 2317, the language in paragraph 6 renders the affidavit sufficient. It is logical to conclude that the "[t]o further verify the information given by CI" language relates directly to the information provided by the CI to the officers between May 9 and 13. Reading paragraphs 5 and 6 together, the controlled buy cannot have occurred any earlier than May 9, eleven days before the filing of the affidavit and warrant application. Consistent with Florida Supreme Court precedent, a controlled buy occurring within this time period provides sufficient probable cause to issue a search warrant. See State v. Gieseke, 328 So.2d 16 (Fla.1976) (holding that a controlled buy conducted within ten days of the warrant application alone is a sufficient factual basis from which a magistrate could conclude that contraband remains on the premises). Therefore, given the circumstances described in the affidavit, the issuing magistrate could have concluded that there was a fair probability that contraband would have been found at the searched residence. In reaching this conclusion, we adhere to the principle that the resolution of marginal cases should be largely determined by the strong preference for searches conducted pursuant to a warrant. See Gates, 462 U.S. at 237 n. 10, 103 S.Ct. 2317; Doorbal v. State, 837 So.2d 940, 952 (Fla.2003); State v. Stevenson, 707 So.2d 902, 903 (Fla. 2d DCA 1998).
Because the totality of the circumstances indicates that the affidavit presented the issuing magistrate with probable cause to conclude that contraband would be found at the residence, there was no Fourth Amendment violation and the search warrant was valid. Accordingly, we reverse the trial court's order granting Vanderhors' motion to suppress the evidence seized, and we remand for further proceedings.
Reversed and remanded.
DAVIS and SILBERMAN, JJ., Concur.