CRENSHAW, Judge.
 

 The State appeals a trial court order granting Osner Exantus’ motion to suppress evidence based on what Exantus alleged was a facially insufficient search warrant. Exantus cross-appeals the denial of his motion to suppress evidence obtained from an allegedly unlawful vehicle search. We conclude the trial court erred by determining that the magistrate did not have probable cause to issue the warrant, and therefore we reverse the order suppressing the evidence and remand for further proceedings. We affirm, without
 
 *361
 
 discussion, the trial court’s ruling with respect to the initial search of the vehicle.
 

 The State charged Exantus with unauthorized acting as a money transmitter and money laundering in excess of $20,000 and less than $100,000 under sections 560.125(5)(b) and 896.101(3), Florida Statutes (2008). In support of these charges, Lee County Sheriffs Deputy Jason Fithian sought a search warrant to conduct an ion scan
 
 [1]
 
 of the interior of a vehicle driven by Exantus. Deputy Fithian pulled the vehicle over during a routine traffic stop and, after observing Exantus’ irregular behavior, had Bucky, a trained narcotics detection dog, conduct an air sniff around the vehicle. Bucky alerted near the trunk. Exantus consented to a vehicle search, and law enforcement discovered a large shopping bag containing approximately $83,220 in U.S. currency wrapped in dozens of rubber-banded bundles hidden in the rear of the vehicle. Bucky also alerted to the currency during a controlled box test. Based on these circumstances, law enforcement wanted to conduct an ion scan to determine whether additional testing for the presence of drugs would link Exantus to the charges. The search warrant issued by the magistrate contained a sworn affidavit from Deputy Fithian attesting to the circumstances surrounding the stop and subsequent search of the vehicle.
 

 The ion scan detected trace elements of MDMA and cocaine. Exantus moved to suppress the results of the scan arguing, inter alia, that the search warrant was deficient because Deputy Fithian’s affidavit did not contain sufficient information linking Exantus to the suspected narcotics. The trial court agreed, summarily concluding that the supporting affidavit omitted material information and could not support the magistrate’s finding of probable cause.
 

 Our review of an order involving the suppression of evidence seized pursuant to a search warrant requires us to consider the test used by the magistrate issuing the warrant, the test used by the trial court when ruling on a motion to suppress, and the appropriate appellate standard of review assessing the trial court’s decision.
 
 Pilieci v. State,
 
 991 So.2d 883, 889 (Fla. 2d DCA 2008). The magistrate’s decision as to whether probable cause exists to issue the search warrant is limited to the facts stated in the affidavit.
 
 Id.
 
 “To establish probable cause, the affidavit must set forth two elements: (1) the commission element — that a particular person has committed a crime — and (2) the nexus element — that evidence relevant to the probable criminality is likely to be located at the place searched.”
 
 State v. Vanderhors,
 
 927 So.2d 1011, 1013 (Fla. 2d DCA 2006). The magistrate must then examine the sufficiency of the probable cause alleged in the affidavit under the totality of the circumstances.
 
 Illinois v. Gates,
 
 462 U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983).
 

 The trial court, in turn, must determine “whether the issuing magistrate had a substantial basis for concluding that probable cause existed, and this determination is made by examining the affidavit in its entirety.”
 
 Vanderhors,
 
 927 So.2d at 1013. The trial court should afford “great deference” to the magistrate’s decision and should not review the magistrate’s decision de novo.
 
 Gates,
 
 462 U.S. at 236, 103 S.Ct. 2317;
 
 Pilieci,
 
 991 So.2d at 892;
 
 Rios v. State,
 
 483 So.2d 39, 41 (Fla. 2d DCA 1986). Where, as here, the parties also challenge the sufficiency of the affidavit based on
 
 *362
 
 material omissions, the trial court “must determine whether the omitted material,
 
 if added
 
 to the affidavit, would have defeated probable cause, and ... must find that the omission resulted from intentional or reckless police conduct that amounts to deception.”
 
 Johnson v. State,
 
 660 So.2d 648, 656 (Fla.1995) (citing
 
 Franks v. Delaware,
 
 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978));
 
 [2]
 

 see also Pagan v. State,
 
 880 So.2d 792, 807 (Fla.2002);
 
 Pilieci,
 
 991 So.2d at 895. Finally, this court reviews the trial court’s probable cause determination “with a presumption of correctness given to the trial court’s conclusion, which in turn would give great deference to the magistrate.”
 
 Pilieci,
 
 991 So.2d at 894;
 
 see also Terry v. State,
 
 668 So.2d 954, 959 (Fla.1996).
 

 The issuing magistrate was required to rely solely on the affidavit when considering, under the totality of the circumstances, whether there was probable cause that Exantus acted unlawfully under sections 560.125 and 896.101 and whether a nexus to these offenses existed. The affidavit contained information that Exantus behaved erratically during the traffic stop, Bucky alerted during an air sniff and a controlled box test, and $83,220 in U.S. currency was discovered in a plastic bag hidden in the rear of the vehicle. We, like the magistrate, conclude the totality of these factors established a factual basis for the magistrate to find probable cause to issue the search warrant to conduct an ion scan of the vehicle. Yet the trial court, when it reviewed the magistrate’s findings, appeared to focus on the sufficiency of the affidavit as to whether there was probable cause to find that Exantus committed a drug offense rather than whether there was probable cause to find that he committed the offenses of acting as a money transmitter and money laundering. The trial court failed to afford great deference to the magistrate’s decision and appeared to apply an improper de novo standard of review.
 

 Moreover, pursuant to
 
 Johnson,
 
 after finding that Deputy Fithian’s affidavit was insufficient due to material omissions, the trial court should have addressed Ex-antus’ claims that the omitted material, if added, would have defeated probable cause and that the omissions resulted from intentional or reckless police conduct that amounted to deception. We conclude the addition of most of the omitted material would have strengthened, not defeated, a finding of probable cause. Likewise, there is no indication that Deputy Fithian purposefully misled the magistrate in his affidavit. Therefore, Exantus failed to meet his burden under
 
 Johnson.
 

 Accordingly, we reverse, in part, the trial court’s order granting Exantus’ motion to suppress evidence obtained from the ion scan and remand for further proceedings. We affirm the trial court’s order in all other respects.
 

 Affirmed in part, reversed in part, and remanded.
 

 DAVIS, J., Concurs.
 

 SILBERMAN, J., Concurs in result only.
 

 [1]
 

 . An ion scan is used to “detect and isolate the location of minute quantities of illegal drugs” through the "scientific technique of ion mobility spectrometry.” Marjorie A. Shields, Annotation,
 
 Admissibility of Ion Evidence,
 
 124 A.L.R. Fed. 691, § 2 (2004).
 

 [2]
 

 . Nonetheless, the Florida Supreme Court pointed out
 
 Franks
 
 dealt solely with the .problem of misstatements and thus
 
 Franks
 
 "could not logically be applied precisely the same way to factual
 
 omissions
 
 from the affidavit.”
 
 Johnson,
 
 660 So.2d at 655.