SILBERMAN, Chief Judge.
Lewis Greg Barrentine seeks review of his judgment and sentence for various charges of drug possession, maintaining a structure for selling controlled substances, and possession of equipment for animal fighting or baiting. The charges arose after police officers executed a warrant to search Barrentine’s home and surrounding property for evidence of animal cruelty and fighting. Barrentine argues that the trial court erred in denying his motion to suppress because the affidavit in support of the search warrant did not establish probable cause to believe that evidence of animal cruelty and fighting would be found on Barrentine’s property. We agree and reverse. We remand for another suppression hearing because the State was not afforded the opportunity to develop its argument that, even if the affidavit did not establish probable cause, the evidence seized pursuant to the warrant was admissible under the good faith exception.
The trial court’s ruling denying suppression of evidence seized pursuant to the search warrant is presumed to be correct, and this court must interpret the facts and reasonable inferences in favor of sustaining that ruling. Pilieci v. State, 991 So.2d 883, 893-94 (Fla. 2d DCA 2008). This court’s review consists of “a legal examination of the evidence in the affidavit to determine whether it establishes probable cause — with a presumption of correctness given to the trial court, which in turn gave great deference to the magistrate.” Id. at 894. The question for this court is whether the facts set forth in the affidavit established a fair probability of finding evidence of animal cruelty and animal fighting or baiting at Barrentine’s home when the warrant was signed on September 12, 2006. See id.
In the affidavit, Detective Paul Wright related the following facts. First, two concerned neighbors provided information to the Sheriffs Office in September 2003 regarding suspected dog and rooster fighting and cruelty. Second, a land surveyor notified the Sheriffs Office on September 11, 2006, that he had seen emaciated pit bulls on the property with scars on their faces and necks. He said those dogs were chained with oversized chains and had dirty water bowls. He also observed *485 several roosters that had missing feathers and appeared to be animal aggressive. The legs of these roosters were tied to the ground by rope. Third, aerial photographs obtained from the Property Appraiser’s website showed a large number of dogs confined individually on the property. Fourth, the affiant relied on his experience with animal fighting and cruelty to explain that these circumstances, in addition to the use of a large privacy fence, led him to believe that there was animal cruelty and fighting taking place at the location.
The deficiency in the affidavit is its failure to establish the relevant time period during which the animals were observed on Barrentine’s property. To establish a fair probability that evidence of a crime will be found at the place to be searched, the affidavit must reflect the specific time of the illegal activity that forms the basis for the alleged probable cause. State v. Vanderhors, 927 So.2d 1011, 1014 (Fla. 2d DCA 2006); State v. Jenkins, 910 So.2d 934, 937 (Fla. 2d DCA 2005); King v. State, 410 So.2d 586, 587 (Fla. 2d DCA 1982). But see Johnson v. State, 872 So.2d 961, 964 (Fla. 4th DCA 2004) (holding that an affidavit does not have to allege the specific time of illegal activity and certifying conflict with the Second District). The affidavit need not expressly state the exact time of the illegal activity; it is sufficient if the magistrate is able to discern the relevant time period from the entirety of the affidavit. See Vanderhors, 927 So.2d at 1015; Jenkins, 910 So.2d at 938. This information is crucial because there is less of a chance that the evidence to be seized will be found as the time period between the date of the illegal activity and the date of issuance of the warrant increases. Jenkins, 910 So.2d at 937-38.
Here, the neighbors’ reports from three years previous were obviously too remote in time to establish probable cause. And while the land surveyor made a report to the Sheriffs Office the day before the warrant application was signed, there is no information regarding when the land surveyor made the observations that were the subject of his report. There is similarly no indication of the date of the photographs that were obtained from the Property Appraiser’s website. Without information establishing that the animals were observed on Barrentine’s property at some point in the not-too-distant past, the magistrate did not have probable cause to issue a search warrant. See Rand v. State, 484 So.2d 1367, 1367-68 (Fla. 2d DCA 1986) (holding that an affidavit was insufficient to establish probable cause because it stated that, within the last ten days, the affi-ant had interviewed two informants who claimed to have seen marijuana growing at the location, but it did not state when the informants observed the illegal activity).
The State acknowledges this defect in the affidavit but argues that the evidence seized pursuant to the search warrant was nonetheless admissible under the good faith exception. Under this exception, evidence seized in reasonable reliance on a warrant issued by a detached and neutral magistrate is generally admissible. Pilieci, 991 So.2d at 895 (citing United States v. Leon, 468 U.S. 897, 913, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984)). The good faith exception applies unless the officer who applied for the warrant “acted dishonestly, recklessly, or under circumstances in which an objectively reasonable officer would have known the affidavit or the existing circumstances were insufficient to establish probable cause for the search.” Id. at 896, 104 S.Ct. 3405. To resolve that issue, this court must discern “the objective reasonableness of the officer’s actions in obtaining the warrant.” Id. at 898, 104 S.Ct. 3405. This inquiry may require fact finding beyond the four corners of the affidavit. Id.
*486 At the hearing on the motion to suppress, the parties did not offer any testimony because their arguments centered on the facial sufficiency of the affidavit. Although the State briefly made its good faith argument, the trial court never reached the issue because it ruled in the State’s favor on the facial sufficiency issue. Under these circumstances, the State is entitled to a hearing on the issue on remand. See id. at 899, 104 S.Ct. 3405. We therefore reverse and remand for further proceedings in which the trial court should consider the content of the affidavit and any additional evidence that was known to the affiant but not revealed to the magistrate. Id. If the trial court grants the motion to suppress after the hearing on remand, it should also grant Barrentine a new trial. See Brinkley v. State, 898 So.2d 1175, 1176 (Fla. 2d DCA 2005). If the court again denies the motion to suppress, it should reinstate Barrentine’s conviction and sentence. See id. at 1177.
Reversed and remanded.
VILLANTI and CRENSHAW, JJ„ Concur.