BLACK, Judge,
Dissenting.
I respectfully dissent. The majority opinion relies heavily on Detective Gas-kin’s testimony from the suppression hearing conducted in July 2012, some ten months after he submitted his sworn application for search warrant which was granted by Polk County Circuit Judge Dale Durrance. Detective Gaskin’s uneven testimony at the hearing is not reflective of the sufficiency of the affidavit placed before the judge nearly a year earlier, and it *1288 is the sufficiency of the affidavit which is key to the probable cause determination. See State v. Loredo, 129 So.3d 1188, 1191—92 (Fla. 2d DCA 2014); State v. Exantus, 59 So.3d 359, 361-62 (Fla. 2d DCA 2011); Pilieci v. State, 991 So.2d 883, 892 (Fla. 2d DCA 2008).
In determining whether probable cause existed the issuing judge was to consider only the facts stated in the affidavit. Pilieci, 991 So.2d at 889. Clearly, the judge could not consider unknown information or omissions, and this is not a case involving omissions which would have defeated probable cause where such omissions “ ‘resulted from intentional or reckless police conduct that amounted] to deception.’ ” Id. at 893 (quoting Johnson v. State, 660 So.2d 648, 656 (Fla.1995)). Further, “‘[o]n a motion to suppress the fruits of a search in accordance with a warrant, a trial court examines whether the issuing [judge] had a substantial basis for concluding that probable cause existed, and this determination is made by examining the affidavit in its entirety.’ ” Id. at 892 (quoting State v. Vanderhors, 927 So.2d 1011, 1013 (Fla. 2d DCA 2006)). Concentrating on the affidavit’s four corners leads to the all but inescapable conclusions that probable cause existed for yet another search of the subject premises and a fair probability that said search would result in yet another seizure of illicit narcotics.
The affidavit at issue revealed that Blake Sanchez was the subject of more than forty prior charges, the most recent being for narcotics in April 2010. Further, the affidavit noted that Sanchez was arrested in both 2003 and 2006 following the execution of search warrants on the same residence at issue in this case. In 2003, 2.8 grams of methamphetamine and numerous pieces of drug paraphernalia were found in Sanchez’s bedroom. In 2006, a scale testing positive for methamphetamine was found, resulting in charges being filed against him.
Although the majority opinion fairly recounts the anonymous tip that began the latest investigation at 2020 9th Street NW, much of the remainder of the opinion is devoted to attempting to explain away the heavy “smoke” — the probable cause — further supported by three corroborating incidents recounted in detail in the affidavit.
The first of these was an interview conducted on March 28, 2011, with a female who, following her arrest, stated that Tara Sanchez was distributing methamphetamine from her residence. The majority’s criticism is that this female had not personally purchased the drugs but only “knew people who had.” However she came to know that information, it was part of the allegations and circumstances of the affidavit.
The second corroborating incident was the arrest of Stephanie Wells in July 2011. She was found in possession of a residual amount of methamphetamine. The affidavit points out that Ms. Wells has a criminal history dating back to 1998, including multiple arrests for possession of drug paraphernalia, possession of marijuana, and possession of methamphetamine charges for felony criminal mischief; as well as charges for resisting arrest without violence, passing worthless checks, filing a false police report, and domestic violence. The majority opinion discounts Ms. Wells’ arrest because she had only a “residual” amount of methamphetamine and because she claimed to be merely trying to sell cameras at the subject residence and was not there to purchase drugs.
The third corroborating incident was the observation and subsequent stop of the PT Cruiser in August 2011. Although a passenger in the PT Cruiser was found in possession of methamphetamine, the majority dismisses this arrest because the *1289 officer did not actually witness a drug transaction taking place at the subject premises from which the vehicle had recently departed and because the drugs were found on the passenger and not the driver.
Each of the aforementioned incidents occurred in 2011, within months of the search in question. Taken alone, the corroborating incidents might possibly be discounted. However, the issuing judge must make a common-sense decision whether given the circumstances set forth in the affidavit — and only those circumstances— there is a fair probability that evidence of a crime will be found in a particular place. Willacy v. State, 967 So.2d 131, 147 (Fla.2007); Pilieci, 991 So.2d at 889 (quoting Illinois v. Gates, 462 U.S. 218, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983)); accord Williams v. State, 130 So.3d 757, 760 (Fla. 2d DCA 2014). By focusing on the suppression hearing and what was left out of the affidavit, I believe the majority opinion incorrectly discounts all that was in the affidavit — the only information the issuing judge had to consider.
“[T]he appellate court needs to be entirely persuaded that both the trial court and the magistrate made an error when applying the law in deciding that the content of the affidavit established probable cause to search the [property].” Pilieci, 991 So.2d at 894. I am not persuaded. Consider what the issuing judge had before him in making the probable cause determination:
First, he knew that the same premises, occupied by the same people, had been searched twice previously, with each search resulting in narcotics charges. Second, he knew of the more than forty prior charges levied against Blake Sanchez, the most recent of which was in 2010. Third, he knew of the anonymous tip, which included an accurate license plate number. Fourth, he knew of three corroborating drug-related incidents involving the premises, all of which occurred in the months leading up to Detective Gaskin’s request for a warrant.
Given this information, Judge Durrance would have been remiss in not finding sufficient probable cause to issue a search warrant. I would affirm the circuit court’s denial of the motion to suppress.